## 4575. HOLMES v. THE STATE.

1. Upon the trial of one charged with the sale of intoxicating liquor, testimony that various persons were seen to go at different intervals at night, from a neighboring house where an entertainment was in progress, to the house of the accused, shut the door, and remain some time, was not admissible, there being no evidence that any liquor was sold in that house on the occasion referred to.

2. On the trial of one charged with the sale of intoxicating liquor, it was error to admit testimony that he had been living in a state of adultery with a named woman.

3. In the trial of one charged with the sale of intoxicating liquor, it was not error to allow the introduction in evidence of a number of quart bottles containing whisky, and a number of empty bottles which had contained whisky, all of the bottles having been found in the house where the sale was alleged to have taken place.

4. In the trial of an indictment charging solely the sale of intoxicating liquor, it was error to charge the jury, in substance, that if they believed the accused had intoxicating liquor at his place of business or at a public place, that was a circumstance from which the jury might infer guilt, unless they believed from the evidence that the whisky was not the property of the accused.

DECIDED FEBRUARY 18, 1913.

Accusation of sale of liquor; from city court of Bainbridge—Judge Harrell. November 26, 1912.

*R. G. Hartsfield, Erle M. Donalson,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

POTTLE, J. The trial judge erred in permitting the State to prove that the accused had been living in a state of adultery with a named woman. We do not see how this conduct of the accused, although unlawful, could illustrate the question of his guilt or innocence of the offense of selling intoxicating liquor. It was error to charge that, if the accused had intoxicating liquor at his place of business, this was a circumstance from which the jury might infer that he was guilty of selling it. It has been often held by this court that the possession of an unusual quantity of liquors might authorize the inference that they were being kept for an illegal purpose; but it has never been held that the mere possession of liquor, in any quantity or at any place, was a circumstance from which the jury might infer that the possessor had already been guilty of selling it. It was competent to introduce in evidence the bottles of whisky found in the house of the accused where the alleged sale had taken place. This evidence, of itself alone, was worth little, but, taken in connection with the

testimony as to the sale, it might have some corroborative value. Mere opportunity to commit a crime is of itself no evidence of guilt, but proof of opportunity may sometimes corroborate other evidence of guilt. The error in charging, and in admitting testimony, above referred to, was sufficiently prejudicial to require a new trial. *Judgment reversed.*