## 8030.   WINDOM v. THE STATE.

LUKE, J.   1.   On the trial of one charged with the sale of intoxicating liquor it was error for the court to permit a witness, over proper objection, to testify that he bought whisky from a person other than the defendant, and who lived on the same premises with the defendant, when the witness testified that he had never bought any whisky from the defendant, and that the defendant was not present and had no connection with the sale. *Holmes* v. *State*, 12 *Ga. App.* 359 (77 S. E. 187).

2. A witness whose impeachment has been attempted by proof of general bad character may be sustained by witnesses who admit that his character is bad but that they would believe him on oath. The question as to whether the witness has been successfully impeached, and the value of his testimony, is exclusively for the jury. *Taylor* v. *State*, 5 *Ga. App.* 237 (62 S. E. 1048).

3. It is not error for the court to charge the jury in effect that flight by one charged with crime, immediately after the alleged commission of the act, may be considered by the jury as a circumstance, not sufficient itself to establish guilt, but as a circumstance in determining the guilt or innocence of the accused. *Barnett* v. *State*, 136 *Ga.* 65 (70 S. E. 868); *Smith* v. *State*, 106 *Ga.* 673 (32 S. E. 851, 71 Am. St. R. 286).

4. For the reasons assigned in the first headnote the court erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and George, J., concur.*

DECIDED MARCH 13, 1917.

Accusation of sale of liquor; from city court of Newnan—Judge Post.   November 29, 1916.

*Stanford Arnold,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.