33873. McGAHEE *v.* THE STATE.

Decided March 10, 1952.

582

*B. L. Jones,* for plaintiff in error.

GARDNER, P.J. The defendant was tried and convicted under an indictment charging him with breaking and entering the storehouse and place of business of W. V. Carter and taking therefrom a certain safe containing $125, the value of the safe and contents being $1500. There was no evidence directly connecting this defendant with breaking and entering this store and with taking therefrom this safe. He was jointly indicted with Chester Mercer, who entered a plea of guilty. There was evidence to the effect that one J. W. Cothern, Chester Mercer and this defendant were together the day after the commission of the alleged burglary, and that they drove off together in the defendant's automobile. There was no evidence that the defendant was with either Mercer or Cothern before the burglary was committed.

The evidence did show that the defendant was placed in jail in another county along with the said Mercer and that he escaped therefrom and was later arrested in Louisiana. The officers bringing the defendant back to Georgia testified that they questioned the defendant relative to the breaking open of the safe and that he made certain statements relative thereto from which it could be inferred that he admitted breaking or helping to break into the safe. There was evidence that the truck of the father of Chester Mercer had been used in this burglary to carry the safe away from Carter's storehouse, but no evidence that the defendant was in this truck or in any

manner aided in breaking into the store or in removing the safe from the store.

The defendant insists that the evidence did not authorize his conviction of burglary, and was contrary to law, and the verdict of guilty was unsupported by any evidence, and that a new trial should have been granted on the general grounds.

The breaking into the safe, on the day following the burglary, would not constitute breaking and entering the store wherein this safe was located. Burglary consists in "the breaking and entering into the dwelling, mansion, or storehouse, or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny. All outhouses contiguous to or within the curtilage or protection of the mansion or dwelling house shall be considered as parts of the same. A hired room or apartment in a public tavern, inn, or boarding house shall be considered as the dwelling house of the person occupying or hiring the same." Code, § 26-2401. The defendant was charged with burglary and was tried under indictment therefor. There was no evidence that he committed the offense and there was no evidence tending to show that he conspired with Mercer or any other person to commit the offense charged. The fact that the defendant broke into the safe would not authorize the defendant's conviction of breaking and entering the storehouse and taking the safe therefrom.

If the defendant was guilty as an accessory after the fact (Code, § 26-604) as to the burglary for breaking into the safe, where the safe was taken from the store in the commission of the burglary, the punishment therefor is as for a misdemeanor (Code, § 26-605), and his sentence in the present case is for a burglary. There is no evidence which would justly authorize the defendant's conviction as being a conspirator. The case is not one like *Strickland* v. *State*, 45 *Ga. App.* 359 (164 S. E. 450), where the defendant and three others were indicted for burglary, and while the evidence showed that the others actually committed the offense, there was circumstantial evidence which authorized the jury to find that the defendant had entered into a conspiracy with the others "to commit the burglary, and that, while he was not actually present at the scene of the crime, he was aiding and abetting them in the commission of the offense."

There do not appear any circumstances here which would authorize the jury to find that the defendant had entered into any conspiracy with the other accused, Chester Mercer, to commit the burglary.

The fact that the defendant escaped from the Gwinnett County jail did not, of itself, authorize the jury to find, under all the facts before them, that this defendant was guilty of the burglary charged. While flight is a circumstance which the jury may consider along with the other facts and circumstances, and from which they may infer guilt, flight alone will not authorize a verdict that the defendant is guilty as charged. Flight by one charged with crime immediately after its alleged commission may be considered by the jury as a circumstance in determining his guilt, but it is not sufficient itself to establish guilt. *Kettles* v. *State,* 145 *Ga.* 6 (88 S. E. 197); *Dean* v. *State,* 154 *Ga.* 533 (114 S. E. 809); *Windom* v. *State,* 19 *Ga. App.* 452 (91 S. E. 911). Under the facts of this case the recent possession of stolen property would not authorize a conviction. The breaking into the safe and the flight might be relevant against the defendant if charged and convicted as accessory after the fact, which offense is not involved here.

The evidence not being sufficient to convict the defendant of the offense of burglary charged, it was error for the trial judge to overrule his motion for a new trial.

The errors assigned in the special grounds of the motion for a new trial relating to the admission of evidence and this charge of the court are not likely to recur.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*