## 36264. HATCHER v. THE STATE.

Decided July 11, 1956—Rehearing denied July 27, 1956.

*Edward F. Taylor, W. O. Cooper, Jr.,* for plaintiff in error.

*H. T. O'Neal, Jr., Solicitor,* contra.

TOWNSEND, J. ■ 148 gallons of non-tax-paid whisky in net sacks, confiscated from the premises of one Jimmy Morris and as to which there was testimony that the defendant had caused it to be placed there and had later come back and withdrawn, some of it, were physically placed in the courtroom before the commencement of the trial. A motion for a mistrial was made on the ground that the State "does not have the right to bring into this courtroom and place on exhibition as a part of the setting of a stage in this case, this stack of supposedly illicit liquor." The motion was overruled. In support of this ground counsel for the defendant cites State v. Waitus, 224 S. C. 12 (77 S. E. 2d 256) to the effect that pictures of the deceased, calculated to inflame and arouse the passions of the jury, and showing only conditions as to which there was no material issue in dispute, were prejudicial and should have been excluded from evidence. That the rule is different in Georgia, see *Anderson* v. *State,* 206

*Ga.* 527 (4) (57 S. E. 2d 563). Speaking for himself, the writer is of the opinion that the South Carolina rule is more salutary for the reason that where there is no dispute over the facts shown by a photograph or other physical exhibit, such, for example, as torn and bloody clothing, in such circumstances the exhibit adds nothing to the jury's factual information and is, on the other hand, likely to inject an undue emotional element into the trial. However, this court is controlled by *Anderson* v. *State,* supra, and like cases. In any event it would appear that the prejudicial effect, if any, of the physical exhibit of the whisky here was not insisted upon by the plaintiff in error. It does not appear that the admission of the exhibit in evidence was objected to and if later admitted without objection it was properly before the jury. Whisky shown by evidence to have been in the unlawful possession of the defendant may properly be admitted in evidence. *Holmes* v. *State,* 12 *Ga. App.* 359 (3) (77 S. E. 187). Nothing herein held is to be construed as approval of such a display on the part of the prosecution which is not subsequently connected by competent evidence with the defendant in such manner as to tend to show his guilt.

■ The remaining special grounds of the motion for a new trial assign error on the refusal of a motion for mistrial because of reference by the solicitor-general to facts expected to be proved and the overruling of objections to testimony, based on the following: about Christmas, 1954, the defendant took a gallon of non-tax-paid liquor to one Ella Mae Howard for the apparent purpose of getting her to sell it. The witness testified she thought it was a Christmas present and the family and friends drank it. In February the defendant returned and demanded payment for the whisky. When it was refused he drew a pistol on the witness, but replaced it and left upon the arrival of another person. It is contended that this testimony, and reference to it in the opening argument of the solicitor, was prejudicial in that it placed the defendant's character in issue and made reference to other and independent offenses. So far as the liquor transaction is concerned, the defendant's possession of illegal whisky might be proved at any time within 2 years prior to the date of the accusation, as it was not limited to a specific transaction. Insofar as testimony regarding the pistol is concerned, the same was

relevant as showing the defendant's knowledge and the character of his possession of the liquor; that he had left it for purposes of sale, and that he was asserting his right to possession, if not of the liquor itself, then of its value. The incidental fact that in asserting such right of possession he committed another offense, that of pointing a pistol at another, does not bring this transaction within the purview of the rule restated in *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615), which renders inadmissible offenses wholly independent, separate and distinct, where there is no logical connection between them and the case on trial. The rule is for the purpose of insuring the purity of trials, so that a defendant may not be convicted because his commission of unrelated offenses might suggest to the jury that he had a "criminal bent of mind." See *Bacon* v. *State,* supra. Its purpose is not to protect an offender from punishment for the crime for which he is on trial under circumstances where in order to prove guilt of that offense it may become necessary to offer evidence which incidentally shows him to be also guilty of another.

These grounds are without merit. The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*