37336. MARTIN *v.* THE STATE.

DECIDED SEPTEMBER 15, 1958.

*Pittman & Crowe, C. C. Pittman,* for plaintiff in error.

*R. F. Chance, Solicitor-General,* contra.

GARDNER, Presiding Judge. ■ The defendant demurred to

the indictment on the following grounds: 1. That the indictment failed to set forth any offense against the accused; 2. That the indictment charged that the accused drove the car "with a heedless disregard of human life" and failed to name Louise Head as the person in danger therefrom; 3. That the indictment failed to state that any act was done "with heedless disregard" for the life or person of Louise Head or with an intent to injure her.

In support of the contentions on the demurrers, counsel for the defendant cites *Gober* v. *State*, 7 *Ga. App.* 206 (66 S. E. 395). Neither the facts nor the pleadings of that case are similar to the facts of the instant case and therefore are not authority for reversal. In *Tift* v. *State*, 17 *Ga. App.* 663 (88 S. E. 41) this court said: "Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety. *Dennard* v. *State*, 14 *Ga. App.* 485 (1) (81 S. E. 378). . . The same is true where, under like circumstances, the automobile is driven against another vehicle in which persons are riding, whereby the collision occasions . . . physical injuries to persons in the vehicle so struck." See also *Maloney* v. *State*, 57 *Ga. App.* 265 (195 S. E. 209). The court properly overruled the demurrers.

■ We have set out the evidence somewhat in detail. The evidence shows that the defendant followed Louise Head through part of Cartersville, kept following her on a country road leading to Rome, at times bumper to bumper; that he kept sounding his horn continuously but refused to pass and instead of passing he pulled up beside the prosecutrix and speeded his car as she gained speed; that at times he would drive the car towards hers so that she would be forced to apply brakes in order to avoid being hit and that finally the defendant cut in front of her car and hit her car with his car; that she jumped out of her car and that the defendant started towards her car and then went back towards his car apparently to get something from it, and then came and opened the door of her car. It was at this time that a truck came along and stopped, and the defendant fled. This is sufficient evidence to support the verdict of the jury. The general grounds are sufficient to sustain the verdict of the jury.

■ Special ground 1 assigns error because the court admitted into evidence an iron pipe found near the scene of the collision. It is correctly contended that evidence must relate to the questions being tried by the jury. Since the pipe was found near the scene, and was introduced as part of the evidence, and in view of the overwhelming evidence against the defendant, we see no harm in admitting the pipe found near the scene, particularly in view of the evidence that after the defendant got out of his car and started to the car of Louise Head he returned to his own car and took some object therefrom, this object not having been positively identified at the time of the trial. This special ground is not meritorious.

■ Special ground 2 assigns error because it is alleged that the court failed to give the definition of battery. The court read the indictment to the jury and then gave a full definition of assault. Even if we concede (which we do not) that the reading of the indictment failed to cover the definition of battery, it will be noted that the evidence clearly shows that the defendant was guilty of assault with an automobile. The court thoroughly covered the definition of assault. It is not necessary for a judge to give the exact language of the Code in a charge. While it is the better practice to use the exact language of the Code, it is sufficient to cover the subject-matter in a substantial manner only. See *Slocumb* v. *State*, 157 *Ga.* 131 (121 S. E. 116) and *Dyer* v. *State*, 71 *Ga. App.* 41 (29 S. E. 2d 922). This special ground is not meritorious.

■ Special ground 3 assigns error because it is alleged that the court erred in charging on the principle of law regarding flight. The evidence shows that the defendant did flee from the scene, and this court has held many times that where a defendant flees the scene of a crime it is erroneous for the court to fail to charge on flight when requested to do so. In any event it must be kept in mind that flight is only a circumstance to be considered by the jury and is not of itself sufficient to establish guilt. See *Seay* v. *State*, 63 *Ga. App.* 286 (11 S. E. 2d 54) and *McGahee* v. *State*, 85 *Ga. App.* 581 (69 S. E. 2d 797). This ground is not meritorious.

■ Special ground 4 assigns error because it is alleged that the

court erred in failing to charge on misfortune or accident in view of the statement of the accused that "my front wheel grabbed and the right [wheel] hit her left front [wheel]." In view of the chase of more than a mile, it would appear that at that stage the defendant could not rely on misfortune or accident as a defense. This special ground has no merit.

■ Special ground 5 assigns error because of a certain statement on the part of counsel who assisted in the prosecution of the case. Immediately upon the making of the statement by counsel for the prosecution, counsel for the defendant asked for a mistrial, which motion the court refused in the following language: "I overrule the motion for mistrial, I instruct the jury to disregard any such remark and not let that have any bearing or any consideration whatever upon your verdict in the case. The jury will remember what the evidence was, and I caution Mr. White to be careful." Code § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." It seems that the trial judge did all the Code required of him in instructing the jury to disregard the remark and in cautioning counsel to be careful. The court did not err in denying the motion for a mistrial. This special ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*