### 25714.   VEAL v. VEAL.

NICHOLS, Justice.   The appeal is from a final decree in a divorce action.   The wife was granted a divorce on her cross petition. She filed the present appeal and enumerates as error the striking of certain portions of the jury verdict and not including the same in the final decree, the amount of expenses of litigation awarded her and the placing of a requirement in the child custody award that in the event she should move from Baldwin County she must deliver and pick up the children at the husband's residence in Baldwin County.

1. In *Mote v. Mote*, 214 Ga. 134, 135 (103 SE2d 565), it was held: "A judge of the superior court has ample authority so to frame his judgment, in a custody case like the instant one, as to expressly order or command each of the parties to give full recognition to the other's rights under his judgment.

After decreeing the rights of the parties to the custody of the child, he can direct each party as to the time and manner of surrendering the child into the other's custody and upon a failure of either party to carry out such orders or commands the trial court may punish the offending party for contempt." Thus, in the present case the trial court was authorized, whether or not there was evidence that the wife intended to move from the county, to make provision for the surrendering of the children into the custody of the other parent upon the beginning and ending of visitation periods. This part of the decree was not error.

2. The verdict of the jury awarded alimony to the wife in a specified amount per month and specified property including the family homeplace, its furniture and an automobile, as well as one-half of the stocks and bonds owned by the parties either individually or jointly, and directed that, as a part of the wife's alimony and the children's child support, the husband pay all reasonable medical and dental expenses. The verdict as to child support awarded $100 for each child until majority and carried a provision that, should the wife remarry, such sum should be increased to $250 per month per child. Following the above award of alimony and child support the verdict included the following proviso in a separate paragraph: "The plaintiff is to pay the premiums on all insurance policies now in force, including but not limited to those set forth in defendant's Exhibit 15, all beneficiaries of said policies to remain as they now are, that is, as shown in said exhibit. The proceeds from said policies are to be used for the maintenance, support and education of the children, same to be part of their child support."

Following the return of the verdict and after the jury had dispersed, the husband filed a written motion to strike the above quoted paragraph of the verdict. The trial court sustained such motion and did not include such item in the final decree, which action is the basis of the next enumeration of error to be considered. The wife contends that *Code* § 110-111 requires a re-instatement of the paragraph of the verdict stricken while the husband contends that *Code* § 110-112 authorized the action of the trial court in sustaining his motion to strike. These Code sections read as follows: "A verdict may be amended in mere matter of form after the jury have dispersed; but after it has been received and re-

corded, and the jury dispersed, it may not be amended in matter of substance, either by what the jurors say they intended to find or otherwise." *Code* § 110-111. "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remittitur as to that part which is illegal, and give judgment for the balance." *Code* § 110-112. Each of these Code sections states a well settled and well defined principle of law. The question presented is whether the stricken portion of the verdict is illegal but capable of being separated or whether the judgment striking the same amounted to an illegal amendment of the jury's verdict.

An examination of the exhibit referred to in the verdict discloses life insurance policies on the lives of the husband and wife as well as each child, some policies owned by the husband and others by the wife. The beneficiaries are shown on various policies to be the wife, the estate of the husband, the estate of the wife, and the husband and wife jointly on the policies issued on the lives of the children. Some policies were shown to have a cash value, others not to have a cash value and as to others this information was not supplied.

Child support is part of alimony (*Code* § 30-207), and the right to receive alimony ceases upon the death of the husband unless the decree expressly provides to the contrary. *Berry v. Berry,* 208 Ga. 285 (1) (66 SE2d 336). The decree in the present case did not expressly provide for alimony to continue in the event of the husband's death.

The word "proceeds" used in the verdict with reference to the life insurance policies, in the absence of anything further, must be construed as meaning the "pay off" in the event the contingency insured against should occur. There could be no "proceeds" in the absence of the death of one of the persons insured. The beneficiaries were directed to remain unchanged. No policy named the children as beneficiaries, and many named the estate of the husband. While the children would remain his heirs they would not be entitled to further "child support" under the alimony decree. Some of the policies on the husband's life were owned by and named the wife as beneficiary. As to these policies an attempt to grant the "proceeds" to the support of the children would amount to the grant of alimony for "child support" from the estate of the wife. The same result would of necessity be

reached on the policies issued on the life of the wife which named her estate as beneficiary. Without considering whether the effect of that part of the verdict stricken also had the effect of requiring the husband to keep in force other insurance (fire, theft, liability, etc.) which was shown by the evidence, that part of the verdict stricken was illegal and properly stricken under the provisions of *Code* § 110-112, supra.

3. The sole remaining enumeration of error relates to attorney's fees. The trial court awarded $1,500 while the wife contends that the proper amount of attorney's fees was $11,364.41 based upon the testimony of her attorneys on the hearing on such issue. As recognized by the wife, except in cases where the husband is unable to pay a fee, or no more than a nominal fee, the allowance of attorney's fees should be sufficient to insure proper legal representation, and the exercise of a sound legal discretion in applying such principle will not be disturbed. *Curtis v. Curtis,* 173 Ga. 111 (159 SE 862) ; *Hall v. Hall,* 185 Ga. 502, 506 (195 SE 731). Yet as was held in *Rogers v. Rogers,* 103 Ga. 763, 766 (30 SE 659), a wife may not employ more attorneys than are needed to adequately represent her and expect the court to require the husband to pay them. The inquiry must not only include reasonable compensation for the services performed but also what services were necessary and how many attorneys were needed to give such necessary representation. In the present case while the wife presented testimony of investigation expenses, hourly records of her three attorneys, and other expenses incurred in defending against the husband's action and in prosecuting her case, yet it cannot be said that the trial judge abused his discretion in limiting the amount of attorney's fees to $1,500.

*Judgment affirmed. All the Justices concur.*

Argued March 11, 1970—Decided April 9, 1970.

*Dickens & Hall, G. L. Dickens, Jr., Sams & Sams, Marion A. Sams,* for appellant.

*Gardner & Peugh, James E. Peugh, Milton F. Gardner,* for appellee.