27190. LUCAS v. LUCAS.

ARGUED MAY 8, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JUNE 28, 1972.

*Dan Copland, Billy L. Hoyle,* for appellant.

*Hirsch & Hodges, Milton Hirsch, Charles M. Evert,* for appellee.

GRICE, Presiding Justice. This appeal involves rulings with reference to divorce and alimony.

On August 16, 1971, the appellant William J. Lucas filed a complaint against the appellee Imogene Copane Lucas in the Superior Court of Muscogee County, praying for a divorce, a restraining order, a rule nisi and other relief not necessary to recite here.

The trial court granted the restraining order and ordered the appellee to show cause on August 31, 1971, why the prayers should not be granted.

The appellee filed defenses, including a cross complaint, admitting in part and denying in part the allegations of the complaint. She also alleged that the appellant had committed certain acts of misconduct; that she was sick and unable to obtain employment; and that she owned items of household furniture, furnishings, supplies and other equipment prior to their marriage.

She prayed that the appellant's prayers be denied; that she be granted temporary and permanent alimony, attorney's fees, a temporary and permanent injunction, an automobile, a sufficient amount of household furniture to enable her to establish separate residence, $300 a month for support, fifty percent of the proceeds from the sale of a house, if sold; and for rule nisi.

The trial court directed the appellant to show cause on August 31, 1971, why the appellee's prayers should not be granted.

On that date, the trial court entered an order wherein it was stated in material part: "[I]t appearing to the court, that parties hereto have reached an agreement, it is hereby ordered and adjudged as follows: The [appellee] herein shall have the use of the [automobile]. Both parties are re-

strained and enjoined from interfering with or molesting each other . . ."

On December 22, 1971, the appellee filed an amendment to her answer and cross complaint, alleging in substance that she was now in need of temporary alimony and support, asked that the trial court issue a new rule nisi setting the cause down for a hearing, and prayed for temporary alimony and attorney's fees.

Thereupon, the court directed the appellant to show cause on January 6, 1972, why the appellee's prayers should not be granted.

Subsequently the appellant filed a response to the foregoing amendment, denying its essential allegations, praying that it be denied and stricken from the pleadings and asking for a jury trial.

On that date, January 6, 1972, after a hearing in which evidence was heard, the court ordered the appellant to pay the appellee $125 immediately and "on the [sixth] day of every month thereafter until further order" as temporary alimony, and reserved the right to make an award of attorney's fees.

On February 25, 1972, the appellant was ordered to show cause why he should not be held in contempt for failure to pay temporary alimony under the order of January 6, 1972; and on February 29, 1972, he was found to be in wilful contempt and ordered confined to jail until such time as the "arrears and attorney's fees shall have been paid in full."

On March 1, 1972, the case came on for a trial before a jury. It returned the following verdict: "We the jury award the [appellant] a divorce, both parties are restrained as prayed, the [appellee] is awarded the furniture owned by her prior to the marriage together with any gifts given to the parties during the marriage and vacuum cleaner and the [automobile] and two of the cemetery lots owned by the two parties. The house owned by the [appellant] shall remain his so long as he lives and shall go to the [appellee] at his death; however if the house is sold during his lifetime, the net equity shall be divided equally. Alimony is

awarded to the [appellee] in the amount of $250 per month."

On March 8, 1972, the trial court entered a final judgment and decree which incorporated the verdict of the jury. It also recited that the appellee had moved for additional attorney's fees prior to the verdict; that "the court did, in fact, before the verdict of the jury, issue its order" awarding the appellee's attorneys the sum of $400 as part of the temporary alimony in this action; and that appellant was ordered to turn over to the appellee a list of 36 items constituting her personal property.

On March 10, 1972, the appellant filed his notice of appeal from the above order and decree.

However, no transcript of evidence appears in the record of appeal and upon oral argument counsel for both sides stated none exists.

■ The first enumeration of error avers that the court erred by allowing an amendment of the appellee which was resisted by the appellant. This amendment brought about the hearing which resulted in the order of January 6, 1972. No order was in fact entered as to this amendment. Hence there is no ruling to enumerate as error.

■ The second enumeration contends that the court erred by changing an agreement entered into by the parties, which was alleged to be complete as to temporary alimony and attorney's fees, approved by the court and made the order of the court.

The order referred to bears the date of August 31, 1971. The trial court ruled therein that the parties having reached an agreement, the appellee was to have the use of an automobile and both parties were restrained from interfering with or molesting each other.

This order did not mention alimony or attorney's fees. Therefore, it did not preclude the order of January 6, 1972, which awarded temporary alimony and attorney's fees.

■ The fourth enumeration is that the trial court erred in failing to sustain the appellant's motion to vacate the order of January 6, 1972. However, the record does not show

that any ruling was made as to this motion. Hence there is nothing for this court to review.

■ There is no merit in the appellant's enumeration that the trial court erred in awarding additional attorney's fees in the final order of March 8, 1972.

The previous order of January 6, 1972, specifically retained jurisdiction for this purpose and the aforesaid decree recites that a hearing was held before the judgment was rendered. Therefore the award of additional attorney's fees was not error. *Byers v. Byers,* 225 Ga. 263 (3) (167 SE2d 640). See also *Brown v. Brown,* 224 Ga. 90 (160 SE2d 343).

■ The appellant contends that the portion of the verdict which awarded the house to the appellant for his lifetime and to the appellee at his death, but divided the equity if sold during his lifetime, is error because the right to receive alimony from the husband ceases upon his death. The cases of *Berry v. Berry,* 208 Ga. 285 (1) (66 SE2d 336) and *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435) are cited as authority for this position.

The appellant's position is not valid.

In the *Berry* case instalment payments were involved. Here the award was of a specified interest in realty, not periodic payments, and the appellee's interest was vested in her by the judgment following this award made by the jury. See *Wise v. Wise,* 156 Ga. 459 (2) (119 SE 410).

The *Veal* case is also readily distinguishable. It is concerned with the proceeds from insurance policies to be used for the maintenance, support and education of children as a part of their child support. This court there stated that to grant the proceeds in the manner attempted "would amount to the grant of alimony for 'child support' from the estate of the wife," since some of the policies involved were on the wife and payable to her estate.

■ In another enumeration the appellant complains that the final decree made substantial additions to the verdict and changed certain portions of it listed as (a), (b) and (c). These will be considered as set forth there.

(a) The appellant here objects to the changing of the ver-

dict as to the granting of the "defendant" a divorce. However, the record shows that the verdict gave a divorce to the *plaintiff* appellant and that the court, immediately following a recital of the jury's verdict in its order and decree, stated that "The above and foregoing verdict of the jury is hereby made the judgment of the court." There is no ground for complaint here.

(b) The granting of the defendant appellee the right to remarry is also objected to. There was no error as to this. The trial court properly removed the appellee's disabilities. There is nothing in the record to show a special prayer that the appellee be placed under such disabilities as required by *Code Ann.* § 30-122 (Ga. L. 1946, pp. 90, 93; 1960, pp. 1024, 1025).

(c) The appellant also urges error to the granting of $250 a month as permanent alimony and making the beginning date in the judgment a date four days after the date of the verdict. However, the judgment merely followed the verdict of the jury in setting the amount of the alimony. The date set for commencement of payments was the same date of the month on which the temporary alimony payments were ordered to be made. Since the appellee had received no support since the February sixth date set by the court, March sixth was clearly reasonable and proper.

■ The remaining enumerations of error all suffer from a common deficiency. As previously stated, there is no transcript of evidence. Therefore, these enumerations cannot be dealt with since they require consideration of the evidence which is not before us.

"Without the transcript we must assume that the evidence authorized the judgments. Under these circumstances, the judgments complained of must be affirmed." *O'Gorman v. O'Gorman*, 227 Ga. 468 (181 SE2d 490).

For the foregoing reasons, the judgment is

*Affirmed. All the Justices concur.*