## 52646. HUSKEY v. THE STATE.

Deen, Presiding Judge.

1. "Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no

entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338). "The defense of entrapment is not successful when the conduct of investigating officers toward the accused would not likely have enticed into crime an unwary innocent who would otherwise have struggled with himself and resisted ordinary temptations, but would be likely to induce only those ready and willing to commit a crime." *Merritt v. State,* 110 Ga. App. 150 (137 SE2d 917).

2. Applying the foregoing law to the facts of this case, where it appears only that the defendant was called by an acquaintance with whom he had previously smoked marijuana, and who told him he needed some pot for a party, the defendant testified he told the acquaintance he had none, but after further telephone calls he obtained some and sold it to the friend, who was as a matter of fact the informer in the case. The evidence demands a finding of sale of marijuana. The fact that the defendant made no profit on the transaction, if he did not, and the fact that he procured the drug on request, do not taken separately or together demand a finding that he was entrapped into the commission of a crime.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1976 — DECIDED OCTOBER 1, 1976.

*John W. Love, Jr.,* for appellant.
*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellees.