## 33804. GRIFFIS v. THE STATE.

JORDAN, Justice.

Appellant was convicted of the murder of H. C. Pittman and received a sentence of life imprisonment. He appeals the order of the trial court denying his motion for new trial. We affirm.

1. The general grounds are without merit. After a heated exchange of words in a poolroom, Pittman struck Griffis with a cue stick and continued to strike him until he realized that Griffis had drawn a pistol which had been concealed in his pocket. As Pittman began running away, Griffis shot him. After the first shot, Griffis walked over to where the wounded Pittman had fallen and fired three more shots into his body.

2. Appellant's remaining enumerations of error each attack a portion of the trial court's instructions to

the jury. We find no merit in any of them.

(a) A review of the trial record shows that the court's instruction to the jury as to the photographs merely pointed out that the exhibits were an evidentiary aid which the jury could consider as it did any other evidence. The court in its instructions specifically stated that it was not expressing any opinion as to the weight or use of this evidence.

(b) Appellant's next contention is that the trial court erred by stating, as an introduction to its charge on murder, mutual combat and voluntary manslaughter, that "first we will take up the question of homicide, which is murder." While this portion of the jury instruction is inaccurate, it is not so misleading or confusing that it demands a new trial since the trial court in the remainder of its instruction on murder and voluntary manslaughter cleared up this inaccuracy. *Siegel v. State,* 206 Ga. 252 (56 SE2d 512) (1949).

(c) Although there may be no evidence of any felony other than the felonious assault on the victim, it is not error to charge on felony murder under an indictment for malice murder. *Baker v. State,* 236 Ga. 754 (225 SE2d 269) (1976). See *Burnett v. State,* 240 Ga. 681 (242 SE2d 79) (1978).

(d) When reviewing the charge as a whole, it cannot be said that the charge on mutual combat, voluntary manslaughter and justifiable homicide was harmful to the appellant as a matter of law or that the charge failed to provide the jury with the proper guidelines for determining guilt or innocence. *Proctor v. State,* 235 Ga. 720 (221 SE2d 556) (1975); *Green v. State,* 230 Ga. 756 (199 SE2d 199) (1973).

(e) Appellant complains that the trial court placed a greater burden on the defendant than the law authorizes by charging the jury in part that if "you do not believe him guilty of any crime, then you should acquit him." It is clear that this statement viewed in its entirety correctly instructed the jury that if it did not find the defendant guilty of murder or voluntary manslaughter, they should acquit him. *Proctor v. State,* supra.

(f) Appellant's seventh enumeration has been abandoned on appeal. Code Ann. § 24-3618 (c) (2).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 7, 1978 — DECIDED SEPTEMBER 5, 1978.

*Elsie Higgs Griner, J. Laddie Boatright,* for appellant.

*Vickers Neugent, District Attorney, E. Jerrell Ramsey, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.