## 57713. HARDIN et al. v. FIREMAN'S FUND INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

The plaintiffs appeal from the grant of defendant's motion to strike a portion of the verdict and consequent amendment of the judgment by striking the same language. The plaintiffs had brought an action on an insurance policy issued by the defendant. The jury returned a verdict for the plaintiffs which read: "We, the jury find for the plaintiffs, judgment of $18,602.47 together with interest and costs of this action, plus attorneys' fees of $5,000.00. We find for the defendant no bad faith penalty." The defendant moved to strike the award of attorney fees predicated on the argument that since the jury found "no bad faith penalty" that attorney fees were unauthorized. The award of attorney fees was stricken.

On appeal the plaintiffs contend that: 1) Code § 110-111 prohibits the amendment of the verdict; 2) even if the portion of the verdict could be stricken in a proper case, here it was correct to grant attorney fees while failing to impose a penalty. *Held:*

1. The first basis urged for reversal is without merit. In *Kimble v. Kimble,* 240 Ga. 100, 102 (239 SE2d 676) the Supreme Court held: "Appellant argues that the trial court had no authority to amend an illegal verdict in order to make it legal. Appellant contends that Code Ann. § 110-111, which prohibits the amendment of a verdict in matters of substance after the dispersion of the jury, prohibited the trial court's amendment of the original decree. This argument was presented before this court in the case of *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435)

(1970), where we held that the illegal portion of a divorce decree could be separated and properly stricken under the provisions of Code Ann. § 110-112. The order of the trial court in this case amending the original decree was nothing more than an amendment to write off that portion of the verdict which the court considered illegal. Such action by a trial court is authorized by Code Ann. § 110-112."

2. It is true that an assessment of penalties is not a condition precedent to an award of attorney fees. *American Reliable Ins. Co. v. Woodward,* 143 Ga. App. 652, 654 (239 SE2d 543). However, the statute requires that a finding be made that the refusal to pay within 60 days was in bad faith. Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712).

Contrary to the contention of the plaintiffs, this court has refused to sanction the imposition of attorney fees where the verdict states no bad faith or penalty is found. In *Union Central Life Ins. Co. v. Cofer,* 103 Ga. App. 355, 363 (119 SE2d 281) the award of attorney fees was not authorized where the verdict stated: " 'We, the jury, do not award any damages to the plaintiff for bad faith on the part of the defendant.' " This court held in *Occidental Life Ins. Co. v. Templeton,* 107 Ga. App. 322, 326 (4) (130 SE2d 168); (revd. on other grounds *Occidental Life Ins. Co. v. Templeton,* 219 Ga. 39 (131 SE2d 530)): "The verdict which expressly stated that no penalty was found against the defendant nullified the award of attorney's fees." Attorney fees were writen off in *Hartford Acc. &c. Co. v. Grant,* 113 Ga. App. 795, 799 (3) (149 SE2d 712) where the trial judge received a negative answer when he asked the jury if there was "any penalty award."

We are therefore constrained to hold that it was not error to strike the award of attorney fees as illegal.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 5, 1979 — DECIDED MAY 14, 1979 — REHEARING DENIED JUNE 13, 1979 — 

*Almand, Grice, Knight & Mills, Warren C. Grice,* for

appellants.

*Martin, Snow, Grant & Napier, Hendley V. Napier, Robert R. Gunn, II,* for appellee.