## 38708. BIGGERS v. BIGGERS.

SMITH, Justice.

Appellee W. Joseph Biggers alleged in his complaint for divorce that his marriage of twenty-four years to Eathil Biggers was irretrievably broken. Eathil Biggers answered and denied that the marriage was irretrievably broken and prayed for temporary and permanent support. The family home was the principal asset of the couple and was valued at one-quarter to one-half million dollars. The two children of the marriage have reached their majority.

On July 1, 1981, the jury returned a verdict for divorce and ordered the family home to be sold and the first $100,000 in proceeds from the sale to go to Mrs. Biggers. She was also awarded permanent alimony of $1,500 monthly until the house was sold, and $2,750 monthly thereafter which was to be paid to her from Mr. Biggers' estate should he predecease her. However, in his final judgment and decree of divorce issued two weeks after the trial, the judge struck as unlawful that portion of the jury verdict requiring continuation of alimony payments from Mr. Biggers' estate after his death. We reverse.

1. Appellant contends that the trial court erred in failing to give Mrs. Biggers' requested charge on the factors to be considered in determining an award of permanent alimony according to Ga. Code Ann. § 30-209, which became effective in April 1981. The rewritten permanent alimony statute enumerates several considerations that shall be taken into account in determining the amount of alimony. The former statute was not so specific and direct in setting out factors for consideration. Mrs. Biggers argues that the newer law requires that the jury take into account contributions to the marriage particularly beneficial to her in this case such as child care, homemaking, aid to her spouse in building his career, and her need for retraining to enable her to find appropriate employment. She urges that the court's failure to charge the exact and complete language of the current law constitutes error in that the court's charge omitted pertinent details of several factors and did not reach other factors at all.

Mr. Biggers asserts that Georgia law does not require trial judges to charge the exact language of applicable code sections. It is instead the substance of the charge which the court has a duty to give, *Martin v. State,* 98 Ga. App. 136 (4) (105 SE2d 250) (1958), *Jackson v. Miles,* 126 Ga. App. 320 (2) (190 SE2d 565) (1972), even though the better practice in charging a code section is to use its exact language. *Dyer v. State,* 71 Ga. App. 41 (29 SE2d 922) (1944).

It is not error in Georgia to employ language in a jury charge that means substantially the same thing as the language of an applicable statute. *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905) (1966). On this point both parties here agree, as they also agree that the contested charge was not in language identical to the Code.

The principal problem with the alimony factors charge in this case is the omission of charges as to: a "party's contribution to the marriage, including but not limited to, services rendered in homemaking, child care, education, and career building of the other party," (Ga. Code Ann. § 30-209 (a) (6)), and "where applicable, the time necessary for either party to acquire sufficient education or training to enable him to find appropriate employment," (Ga. Code Ann. § 30-209 (a) (5)). The charge was either identical or substantially similar to the language of the Code in all other factors to be considered by the jury pursuant to Ga. Code Ann. § 30-209 and *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980). We must now decide the adequacy of the trial court's charge in light of the legislature's recent modifications to § 30-209. We recognize that if a reading of the entire charge makes it plain that the jury were given specific instructions covering all material issues in the case then no error will be assigned. *Spain v. Spain,* 203 Ga. 411 (47 SE2d 279) (1948).

We find it significant that the factor concerning education or training of a spouse awarded alimony is to be considered only "where applicable," and thus it is not necessary that the jury in every alimony case be charged as to that factor. In the present case there is no evidence that Mrs. Biggers needed or desired that funds be allotted her in the form of alimony in order that she make herself employable. On appeal she argues merely that it was error to omit this charge, and does not cite any evidence in the record to persuade us that the charge was applicable in her case or that she was harmed by its omission. While it may be true that Mrs. Biggers lacks employable skills, she is the holder of a Master of Arts degree in Education and is not without training to enable her to find appropriate employment. We hold that it was not error to fail to charge the exact language of Ga. Code Ann. § 30-209 (a) (5) under the circumstances of this case.

Next we must decide the effect of omitting the charge specified

by Ga. Code Ann. § 30-209 (a) (6) (services rendered in homemaking, child care, education, and career building) as a factor in determining the amount of alimony. Although this particular charge was rejected by the trial court, the remainder of the statutory factors were properly presented to the jury. We note that in the charge on equitable apportionment of property acquired during the marriage the court did charge as to "contribution or service of each spouse to this family . . ." The charge on alimony followed shortly thereafter but omitted such allusion to services provided the family during marriage. Appellant submits that she is entitled to a new trial on the issues of property division and alimony. We agree that she is entitled to a new trial on the issue of alimony and hold that it was harmful to Mrs. Biggers to omit a charge as to her homemaking, child care, and education and career building assistance to her husband. Nowhere in the alimony charge are these factors presented to the jury. Such omission was harmful to her and we hold that Mrs. Biggers was entitled to a full and complete charge on the factors set out in Ga. Code Ann. § 30-209 involving the award of alimony.

2. The trial court instructed the jury that periodic alimony payments could continue after the death of the party obligated to make them, and that such payments would be a charge against the estate of the deceased party. The jury then returned a verdict awarding the appellant permanent alimony and providing that in the event of the plaintiff's death, alimony shall continue to be paid monthly from the plaintiff's estate. Neither party claims to have requested this specific instruction and after the jury retired, Mr. Biggers objected. The judge expressed his confusion on the state of the law and asked for help. Counsel for Mr. Biggers cited to him *Toney v. Toney,* 242 Ga. 382 (249 SE2d 66) (1978), for the proposition that alimony following divorce cannot be made binding on the husband's estate. The judge acknowledged his incorrect instruction and two weeks after the jury returned with their verdict he issued his final judgment and struck as contrary to law that portion of it making alimony payments binding on Mr. Biggers' estate in the event of his death. Mrs. Biggers contends on appeal that it was error to charge that Mr. Biggers' estate could be bound and that the court's "Final Judgment and Decree of Divorce" does not reflect the true intent of the jury's verdict.

As a result of the erroneous charge, the jury was led to make an illegal award to Mrs. Biggers. Normally, Code Ann. § 110-112 would control where part of a verdict is legal and part illegal, thus permitting the trial court to amend by entering a remittitur as to that part which was illegal and to give judgment for the balance. See *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435) (1970). Although a judge may

strike the illegal portion of a verdict if it can be separated, *Hardin v. Fireman's Fund Ins. Co.,* 150 Ga. App. 277 (257 SE2d 300) (1979), and the legal portion allowed to stand, *Davis v. Davis,* 206 Ga. 559 (57 SE2d 673) (1950) a judge cannot amend the verdict in a matter of substance by entering a decree radically reforming the jury's verdict. Ga. Code Ann. § 110-111; *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862) (1952). Once the error was brought to the attention of the judge, it would have been correct for him to recharge the jury as to the applicable law and return them to the jury room to deliberate. *Ballard v. Turner,* 147 Ga. App. 584 (3) (249 SE2d 637) (1978). This was not done. The judge instead dismissed the jury and two weeks later struck that portion of their verdict based on his erroneous charge.

It has long been the rule in Georgia that a judge may grant a new trial where an improper verdict has been received and recorded and the jury dispersed. *Smith v. Pilcher,* 130 Ga. 350 (60 SE 1000) (1908); *Parrish Bakeries v. Wiseman Baking Co.,* 104 Ga. App. 573 (122 SE2d 260) (1961). Mrs. Biggers' motion for a new trial on grounds that the court erred in charging the jury that they could make alimony payments binding on Mr. Biggers' estate, and that the court's final judgment and decree of divorce did not reflect the jury's verdict, based upon that charge, was denied.

That portion of the verdict attempting to make the alimony award binding on Mr. Biggers' estate is illegal. However, it was error for the judge to amend the verdict so substantially by separating and striking the illegal portion, where the illegal verdict was a result of the court's instruction. Mrs. Biggers is entitled to a new trial on the issue of award of alimony, as well as on the issue of the statutory factors to be considered in determining the amount of alimony. The judgment and verdict of divorce in this case are not affected by this decision.

For the reasons cited above, this case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

*McLain & Merritt, M. David Merritt,* for appellant.
*Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, Emily S. Bair,* for appellee.