67963. WATKINS v. THE STATE.

BIRDSONG, Judge.

Appellant Willie J. Watkins was convicted of selling marijuana. On appeal, he contends the state failed to prove entrapment did not occur. *Held*:

Appellant's entrapment defense asserts that he agreed to act as "middle man" in purchasing marijuana from an unidentified individual, and selling it to two undercover GBI agents, because he knew the purchasers were GBI agents and, having a fascination for police work, wanted their help and recommendation in becoming a police officer himself. At the same time, he testified the men threatened to arrest him if he did not assist them in purchasing marijuana.

The evidence of both sides shows that appellant's car was stalled when two men stopped to help him push the car off. The drug-buying episode ensued when, after driving his own car to his apartment, appellant got into the undercover agents' car and directed them to the seller's residence. The agents testified that during the trip, appellant jokingly said, "Hey, man, I know y'all the FBI." One agent replied, "No, sir, we are not the FBI, we are the GBI," whereupon everyone laughed. Appellant, however, said it was not a joke, that he told them he knew they were with the FBI or some other agency, and the agent repeatedly said, "No, I'm not an FBI; I'm a GBI. Now, if you help me I will help you."

Aside from the fact that the agents clearly rebutted appellant's story (see *Hughes v. State*, 152 Ga. App. 80, 82 (262 SE2d 245); *Huskey v. State*, 139 Ga. App. 752, 753 (229 SE2d 547)) and credibility of witnesses is a jury question, we find that appellant's own testimony rebutted his defense of entrapment. In describing the episode, appel-

lant said: "[A]fter he gives me a push, he got out and it started raining, so he pushed me across the street and he got back in the car because he said he didn't want to get wet. So, I got out and I stood on the side of their car on the driver's side. At that time he asked me did I know anyone that he could get some marijuana from. I told him that perhaps I could, you know, help him, you know, get some marijuana. That's what he said he wanted to get. And I had noticed, I had paid attention to this, his license plate that was on his car, DeKalb County. And after that he pushed me, he kept saying that, you know, do I know where he could get a certain amount at. So, I told him, I said, 'Well, you help me push my car off and then we will talk about it,' right? So, he pushed me off and then he drove all the way to my address with me. He followed me all the way home. So, when I got out of my car, I got in the car with him and we proceeded."

Appellant therefore clearly admitted that before he ascertained the men were GBI agents, he offered to help get some marijuana, and got in their car to complete this mission after driving his own car home. We think the state and appellant both clearly proved beyond a reasonable doubt that entrapment did not occur.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 10, 1984.

*James A. Elkins, Jr., Paul R. Gemmette,* for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney,* for appellee.