## 68904. CURTIS v. THE STATE.
### (323 SE2d 684)

POPE, Judge.

Arthur Louis Curtis brings this appeal following his indictment and conviction of conspiracy to possess more than one pound of marijuana with intent to distribute same. Construed in a light most favorable to the State, the evidence of record shows that in early November 1983 one Arthur Thurman took Warren Jackson to meet with appellant. Unknown to Thurman, Jackson was an undercover agent for the Thomasville/Thomas County Drug Squad. At this meeting appellant and Jackson had a "general" conversation about marijuana which included discussions on whether Jackson could obtain marijuana, its cost per pound, and what kind of marijuana it would be, i.e., "was it good stuff. . . ." After meeting with Jackson, appellant telephoned a detective acquaintance at the Thomasville Police Department to find out whether "the law could sell dope." Jackson had earlier provided appellant with a "sample" of less than one ounce of marijuana. A few

days after the meeting, appellant provided Thurman with $1,195 in cash in order to purchase two pounds of marijuana from Jackson. Thurman was to secure the marijuana from Jackson and then deliver it to appellant. Thurman met with Jackson, paid the money, and two bags of marijuana (each weighing one pound, 10.8 ounces) were produced for his inspection. At this time Thurman was arrested. He then agreed to a police request to telephone appellant and set up a meeting at which to transfer the marijuana. Appellant was arrested upon his arrival at the site agreed upon.

Appellant testified that he had provided the money to Thurman to purchase the marijuana. He also testified that he agreed to meet with Thurman to obtain the marijuana and that after he had obtained it, he was going to deliver it to another person. Appellant admitted that he knew possession of marijuana was illegal.

1. The evidence set forth is more than sufficient to enable any rational trier of fact to find appellant guilty of the crime charged in the indictment beyond a reasonable doubt. See *Tookes v. State*, 159 Ga. App. 423 (8) (283 SE2d 642) (1981), cert. den. Tookes v. Georgia, 455 U. S. 945 (1982).

2. Appellant contends that the conduct of the State's agents constituted entrapment as a matter of law and that a directed verdict of acquittal should have been granted by the trial court. In support of this allegation, appellant cites the following facts: (1) Jackson received a 10% bounty from any civil forfeiture resulting from his work; he received $119.50 in this case; (2) Jackson gave appellant a free "sample" of marijuana; (3) Thurman contacted appellant because Jackson had told Thurman that he (Jackson) had some marijuana to sell; (4) appellant testified that he was not predisposed to participate in the deal but that he was "pressured" by Jackson's telling him on several occasions: "Hurry up and get the money because I can't wait, because my rent needs to be paid."

The foregoing testimony did not demand a finding of entrapment. See *Huskey v. State*, 139 Ga. App. 752 (229 SE2d 547) (1976). See also Hampton v. United States, 425 U. S. 484 (96 SC 1646, 48 LE2d 113) (1976). Rather, this is one of those cases in which a question of fact was presented as to entrapment, and the trial court properly submitted the issue to the jury for determination. See *State v. Royal*, 247 Ga. 309 (1) (275 SE2d 646) (1981); *Tomlin v. State*, 170 Ga. App. 123 (3) (316 SE2d 570) (1984).

3. In our view, Jackson's giving appellant the "sample" of marijuana did not violate appellant's constitutional right to due process. See Hampton v. United States, supra; *Smith v. State*, 239 Ga. 477 (1) (238 SE2d 116) (1977). "The . . . government agent must be allowed to further the interests of the criminal enterprise in some manner to gain the confidence of the criminal elements with which he must deal.

[Cits.]" United States v. Brown, 635 F2d 1207, 1213 (6th Cir. 1980). "Law enforcement tactics such as this can hardly be said to violate 'fundamental fairness' or 'shocking to the universal sense of justice,' [Cit.]" United States v. Russell, 411 U. S. 423, 432 (93 SC 1637, 36 LE2d 366) (1973).

4. Appellant's assertion that the trial court erred in admitting as evidence the two one-pound, 10.8-ounce bags of marijuana has no merit. See, e.g., *Lewis v. State*, 158 Ga. App. 586 (1) (281 SE2d 331) (1981); *Whitacre v. State*, 155 Ga. App. 359 (2) (270 SE2d 894) (1980); *Hatcher v. State*, 94 Ga. App. 270 (1) (94 SE2d 110) (1956).

5. Appellant cites as error the following charge to the jury: "Now, members of the Jury, our law provides that while a law enforcement officer or an undercover agent possesses or distributes a controlled substance such as marijuana and such possession or distribution is done in reasonable fulfillment of his duties as a police officer or as an employee of the police, then such conduct does not constitute a crime." Clearly, this charge is a correct statement of the law insofar as it concerns a law enforcement officer's *possession* of a controlled substance. OCGA § 16-13-35 (c) (4). Furthermore, in light of our discussion and the cases cited in Division 3 of this opinion, we view this charge as a correct statement of the law insofar as it concerns a law enforcement officer's *distribution* of a controlled substance. This enumeration is thus meritless.

6. Appellant also enumerates as error the following charge: "If an officer of the law has reason to believe that the law is being violated he may proceed to ascertain whether those who are thought to be doing so are actually committing a criminal offense. If the officer acts in good faith in the honest belief that such person or persons are engaged in an unlawful enterprise, of which the offense charged in this indictment is a part, and the purpose of the officer is not to induce an innocent person to commit a crime but to secure evidence upon which a guilty person can be brought to justice, then there is no entrapment." For the reasons set forth in *Keaton v. State*, 253 Ga. 70 (316 SE2d 452) (1984), this charge is error requiring a new trial.

7. Appellant's assertion of error in the trial court's charge on possession is entirely specious, any inaccuracy therein being immaterial in light of the charge as a whole and being neither confusing to the jury nor harmful to appellant. See generally *Griffis v. State*, 242 Ga. 26 (2b) (247 SE2d 833) (1978); *Sutton v. Ford*, 144 Ga. 587 (6) (87 SE 799) (1916).

8. Appellant's final enumeration of error is controlled adversely to him by *Davis v. State*, 164 Ga. App. 633 (5) (298 SE2d 615) (1982).

For the reasons set forth in Division 6 of this opinion, the judgment of the trial court must be reversed.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 29, 1984.

*Stephen H. Andrews*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.