A05A0626. CHAPMAN v. CLARK et al.
(613 SE2d 184)

ANDREWS, Presiding Judge.
Clyde Hayward Chapman claims the trial court erred when it modified the substance of a jury verdict by directing that the jury's award of punitive damages in his favor be stricken, and by entering judgment on the remaining portion of the verdict. Because the trial court correctly ruled Chapman was not legally entitled to punitive damages, and that the illegal portion of the verdict was separable from the legal portion, we find no error and affirm.

Chapman sued Reliford Clark, Jr. claiming that Clark wrongfully converted construction equipment known as a "953 Caterpillar tractor," which was owned by Concorde, Inc. Chapman brought the claim instead of Concorde because Concorde assigned its rights to the claim to Chapman. Based on the conversion claim, Chapman sought possession of the equipment, loss of rental value, attorney fees and expenses of litigation, and punitive damages.

During the trial, the trial court ruled that Chapman was not entitled to punitive damages. Chapman does not dispute this ruling because the punitive damages claim was based on rights he received by assignment from Concorde, and "a right to punitive damages

cannot be assigned." *Canal Indem. Co. v. Greene,* 265 Ga. App. 67, 73 (593 SE2d 41) (2003). Nevertheless, when the case was submitted to the jury, the trial court mistakenly instructed the jury that it could find Chapman was entitled to punitive damages, and the special verdict form given to the jury included a section for the jury to determine whether Chapman was entitled to punitive damages. The jury returned a verdict finding that Chapman was entitled to possession of the equipment; that no rental value was owed; that Chapman was not entitled to attorney fees and expenses of litigation; and that Chapman was entitled to the award of punitive damages.

When the verdict was returned, the trial court recognized that the jury should not have been allowed to consider whether Chapman was entitled to punitive damages. To cure the problem, the trial court explained to the jury that Chapman was not legally entitled to an award of punitive damages, and that this issue was mistakenly submitted to them. The court then directed the jury foreman to change the jury's verdict to show that Chapman was not entitled to punitive damages. At that point, Chapman's attorney moved for the trial court to poll the jury to inquire whether, if they had known Chapman was not entitled to punitive damages, they would have found Chapman was entitled to attorney fees and expenses of litigation. The trial court denied the motion; the verdict was published as amended; and judgment was entered on the amended verdict.

It is undisputed that the punitive damages portion of the verdict was illegal because Chapman was not entitled to seek those damages on an assigned claim. By directing the jury to delete the punitive damages award from the verdict, the trial court, in effect, amended an illegal part of the verdict. Under OCGA § 9-12-8, "[i]f a part of a verdict is legal and a part illegal, the court will construe the verdict and order it amended by entering a remittitur as to that part which is illegal and giving judgment for the balance." A remittitur in this context is defined as "[t]he procedural process by which a verdict of the jury is diminished by subtraction." Black's Law Dictionary, p. 1164 (5th ed. 1979). We find that the trial court's action directing the jury to delete the award of punitive damages had the same effect as a remittitur entered on the verdict pursuant to OCGA § 9-12-8 to amend the verdict by subtracting the illegal part. By taking this action, the trial court was able to enter a valid final judgment on the verdict and avoided the necessity of a new trial. *Roswell Road-Perimeter Hwy. Liquor Store v. Schurke,* 138 Ga. App. 502, 504 (227 SE2d 282) (1976).

Chapman contends, however, that the trial court erroneously amended the substance of the verdict and thereby invaded the province of the jury. A trial court may amend a verdict to eliminate an illegal part only where the illegal part of the verdict is capable of being

separated from the legal part without creating doubt as to what the jury intended in the remaining legal part. *Veal v. Veal*, 226 Ga. 285, 287 (174 SE2d 435) (1970); *Kimble v. Kimble*, 240 Ga. 100, 101-102 (239 SE2d 676) (1977). If the illegal part cannot be separated in this way from the legal part, "a judge cannot amend the verdict in a matter of substance by entering a decree radically reforming the jury's verdict." *Biggers v. Biggers*, 250 Ga. 248, 251 (297 SE2d 257) (1982); OCGA § 9-12-7. In that case, the proper procedure is for the trial court to refuse to receive the illegal verdict and to return the case to the jury for further deliberation with instructions designed to cure the illegality, or to grant a new trial. *Biggers*, 250 Ga. at 251; *Thompson v. Ingram*, 226 Ga. 668, 671-672 (177 SE2d 61) (1970); *Fried v. Fried*, 208 Ga. 861, 862 (69 SE2d 862) (1952); *Walton v. Johnson*, 212 Ga. 378, 379-380 (92 SE2d 861) (1956).

For example, in the divorce case in *Biggers*, supra, the trial court erroneously instructed the jury that monthly alimony payments awarded to Mrs. Biggers from Mr. Biggers could be continued after his death as a charge against his estate. Id. at 250. In fact, it was not legal to make alimony binding on Mr. Biggers's estate. Id. The jury's verdict granted the divorce; ordered the family home sold and the sale proceeds divided; and ordered Mr. Biggers to make alimony payments to Mrs. Biggers in the amount of $2,750 per month. Id. at 248. Based on the erroneous instruction, the jury verdict also illegally ordered that, if Mr. Biggers predeceased Mrs. Biggers, the monthly award of alimony was to be paid from Mr. Biggers's estate. Id. at 248, 250. Two weeks after the trial, the trial court struck the illegal award of alimony against the estate and entered judgment on the remaining legal portions of the verdict. Id. On appeal, the Supreme Court found that, although OCGA § 9-12-8 authorizes a trial court to amend the illegal part of a jury verdict and enter judgment on the remaining legal part, this can be done only where the illegal part is separable from the legal part. Id. at 250-251. The court found that the legal verdict of divorce was a separable part of the verdict, but that it was not possible to separate the legal award of monthly alimony from the illegal award of alimony against Mr. Biggers's estate. Id. at 251. In other words, the jury's consideration of the legal and illegal portions of the alimony award was so intermingled that it was not possible to eliminate the illegal portion and remain certain that the legal portion represented the jury's true intent with respect to the award of alimony. Accordingly, the court concluded that "Mrs. Biggers is entitled to a new trial on the issue of award of alimony, as well as on the issue of the statutory factors to be considered in determining the amount of alimony." Id.

In contrast to the facts in *Biggers*, supra, under the facts and the special verdict entered in the present case, we find that the illegal

part of the verdict was separable from the legal part without creating doubt as to what the jury intended. Contrary to Chapman's contention, the jury's illegal finding awarding punitive damages was separable from its legal findings, including the refusal to award attorney fees and expenses of litigation. The trial court gave separate instructions to the jury on the different legal standards applicable to the award of punitive damages and the award of attorney fees and expenses of litigation. When the trial court eliminated the illegal punitive damages award from the special verdict, the jury's intention with respect to the legal parts of the verdict remained clear. It follows that the trial court correctly denied Chapman's motion for it to poll the jury about its refusal to award attorney fees and expenses of litigation. We find the trial court acted within the authority of OCGA § 9-12-8 to eliminate the illegal part of the jury's verdict and enter judgment on the remaining legal part. *Hardin v. Fireman's Fund Ins. Co.*, 150 Ga. App. 277 (257 SE2d 300) (1979).

The decision in *Parrish Bakeries of Ga. v. Wiseman Baking Co.*, 104 Ga. App. 573 (122 SE2d 260) (1961), cited by Chapman, does not require a different result. *Parrish* was a fraud case where the jury rendered a verdict stating: "We the jury find for the plaintiff no damages, $500 punitive damages, $500 attorney's fees." Id. at 574. If by this verdict the jury intended to award punitive damages and attorney fees against the defendants, but no actual damages against the defendants, it was improper as a matter of law. *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1981). Although the case does not discuss this principle of law, the trial court apparently had this principle in mind when it amended the verdict by striking the portion of the verdict awarding punitive damages and attorney fees against the defendants and construing the remaining portion as a verdict in favor of the defendants. *Parrish*, 104 Ga. App. at 574-575. Under the circumstances, we found that the trial court's action amended the jury's verdict "in matter of substance" in violation of OCGA § 9-12-7. Id. *Parrish* does not discuss whether the trial court's amendment was an attempt under OCGA § 9-12-8 to eliminate an illegal part of the verdict and enter judgment on a remaining legal part. It is clear, however, that *Parrish* found it was not possible under the circumstances for the trial court to eliminate one portion of the jury's verdict as illegal and conclude that the remaining portion, as construed by the trial court, was what the jury intended. Id. at 575. Accordingly, the facts in *Parrish* distinguish it from the present case.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 6, 2005.

*Christopher J. McFadden*, for appellant.
*Troy R. Millikan*, for appellees.