**WINDFAIRE, INC., et al., Plaintiffs,**

**v.**

**George BUSBEE, et al., Defendants.**

**Civ. A. No. C81–460A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 3, 1981.

Reber Boult, Bruce Maloy, Atlanta, Ga., for plaintiffs.

Don A. Langham, Daryl Robinson, George Weaver, Asst. Atty. Gen., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Plaintiffs, who engage in retail sales of novelty items and paraphernalia, challenge a recent amendment to the Georgia Controlled Substances Act, Ga.Code Ann. § 79A–8. The amendment is the so-called "head shop law".

Section 1 of the amendment adds a new code section, Ga.Code Ann. § 79A–811.2, to the Georgia Controlled Substances Act. The new code section is a prohibition against certain transactions in drug-related objects (hereinafter the "sale provision") and certain advertising regarding drug-related objects (hereinafter the "advertisement provision"). The new code section contains a definition of the drug-related objects with which it is concerned and sets forth factors to be considered in determining whether an object is one to which it applies. The new Ga.Code Ann. § 79A–811.2 also sets forth penalties for violations and provides for forfeiture of objects "distributed or possessed" in violation of it.

Section 2 of the amendment to the Georgia Controlled Substances Act also adds a new code section, Ga.Code Ann. § 79A–811.-3, which prohibits possession of certain drug-related objects (hereinafter the "possession provision"). That new code section defines the drug-related objects to which it applies and sets forth the penalty for violation.

Sections 3, 4, 5 and 6 of the amendment to the Georgia Controlled Substances Act are, respectively, an addition to the forfeiture provision of the act, a provision for severability of any part of the amendment found to be invalid or unconstitutional, a provision for the effective date of the amendment and a repeal of any laws in conflict with the amendment.

Plaintiffs' complaint in this action was accompanied by motions for a temporary restraining order and for a preliminary injunction. This Court determined the status quo should be maintained pending a resolution of plaintiffs' challenges to the amendment to the Georgia Controlled Substances Act. Accordingly, the Court enjoined proceedings pursuant to the new law except as to any plaintiff or similar business which substantially changed its inventory or business practices so as to arguably come more within the terms of the new law than it was between January 1, 1981 and March 8, 1981.

The parties agree that this matter can be resolved as a matter of law and without a hearing. Before the Court are plaintiffs' motion for judgment on the pleadings or for summary judgment and defendants' motion to dismiss or for summary judgment. Plaintiffs have challenged the amendment to the Georgia Controlled Substances Act on a number of grounds, and defendants have raised a number of issues concerning this Court's jurisdiction over plaintiffs' challenge to the new law. The Court will treat each of these points separately.

*Standing*

■ Defendants assert that plaintiffs have not alleged the requisite personal stake in the constitutionality of the amendment to the Georgia Controlled Substances Act for a case or controversy to exist. The Court finds, however, that the nature of plaintiffs' businesses makes the threat of prosecution under the new law sufficient to give them standing to challenge its constitutionality. The new law could not be enforced against any of plaintiffs because of this Court's injunction. The situation is analogous to that in *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d 916 (6th Cir. 1980), *vacated* and *remanded* for consideration in light of new statute, —— U.S. ——, 101 S.Ct. 2998, 69 L.Ed.2d 384 (1981), in which plaintiffs were found to have standing to challenge a drug paraphernalia ordinance which the City of Parma had agreed not to enforce until a challenge to its constitutionality was resolved.

As sellers of novelty items and paraphernalia, see complaint ¶ 3, plaintiffs have standing to challenge the amendment to the Georgia Controlled Substances Act to the extent it applies to sellers and advertisers of drug-related objects. Plaintiffs likewise have standing to challenge the amendment

to the extent it applies to purchasers of alleged drug-related objects from them because plaintiffs' rights and the rights of those purchasers are interrelated. See *Hejira Corporation v. MacFarlane*, 660 F.2d 1356 (10th Cir. 1981).

*Abstention*

■ It has not been suggested to this Court that it abstain from deciding the issues presented by plaintiffs, and the Court finds abstention would be inappropriate in this case. This case, like *High Ol' Times, Inc. v. Busbee*, 621 F.2d 135 (5th Cir. 1980), is not one in which disposition of a question of state law would eliminate or narrow the scope of the federal constitutional issues presented.

*Construction of statute*

Defendants point out that the constitutionality of a statute is to be presumed and contend that the amendment to the Georgia Controlled Substances Act should be construed as constitutional if possible. Realizing that it cannot rewrite the law to make it constitutional, the Court will construe its allowable meaning in a manner supporting its constitutionality to the extent possible.

*Illogic/Overbreadth*

■ Plaintiffs contend that a literal reading of the amendment to the Georgia Controlled Substances Act makes the law illogical, and the position they advance is in essence an overbreadth argument. Plaintiffs point out that by its terms the new law would, for example, prohibit selling pill bottles to druggists, drug testing supplies to the state crime lab or a medical school and hypodermic needles to doctors or hospitals.

The law which plaintiffs challenge concerns objects used in relation to marijuana or controlled substances, and the law is an amendment to the Georgia Controlled Substances Act. The Georgia Controlled Substances Act specifies that certain institutions and persons may legally possess controlled substances. Ga.Code Ann. § 79A–814. That exemption prevents the illogic or overbreadth of which plaintiffs complain. Without deciding whether plaintiffs have standing to raise the application of the amendment to the Georgia Controlled Substances Act to doctors, hospitals, pharmacies and druggists, the Court finds that the new law is not unconstitutional on grounds of overbreadth or illogic.

*Rational relationship to legitimate state interest*

■ The state has the power and authority to enact a properly drawn drug paraphernalia law pursuant to its police power. *Hejira Corporation v. MacFarlane, supra.* The rational basis standard is the appropriate one to use in reviewing its constitutionality. *The Casbah, Inc. v. Thone*, 651 F.2d 551 (8th Cir. 1981).

Plaintiffs contend prohibition of the sale, advertisement and possession of drug paraphernalia will have no significant impact on drug use. The legislature may deal with part of a problem without addressing all of it, however, *Delaware Accessories Trade Association v. Gebelein*, 497 F.Supp. 289 (D.Del.1980), and the amendment to the Georgia Controlled Substances Act bears a rational relationship to the legitimate state interest in the problem of drug abuse.

*Fourth Amendment*

Plaintiffs contend the "possession" provision of the amendment to the Georgia Controlled Substances Act effectively creates a roving search warrant. Because the "possession" provision is found to be void for vagueness (see below), it is unnecessary for the Court to consider that contention.

*First Amendment*

■ Plaintiffs contend the "advertisement" provision of the amendment to the Georgia Controlled Substances Act violates the First Amendment to the United States Constitution. The provision, however, bans only advertisement which promotes a commercial transaction in objects which are drug-related objects as defined in Ga.Code Ann. § 79A–811.2. No speech which describes or glorifies the drug culture is prohibited, and the Court rejects plaintiffs' First Amendment challenge for the reasons the same challenge was rejected in *The Casbah, Inc. v. Thone, supra.*

### Equal Protection/Bill of Attainder

■ Plaintiffs contend the amendment to the Georgia Controlled Substances Act is unconstitutional because it will be enforced only against "head shops." The law applies by its terms, however, to anyone who sells or advertises for sale objects which are drug-related objects as that term is defined in Ga.Code Ann. § 79A–811.2. The Court finds the law is not a bill of attainder and that it does not deny "head shops" equal protection of the law. See *Delaware Accessories Trade Association v. Gebelein, supra.*

### Commerce Clause

■ Plaintiffs contend the amendment to the Georgia Controlled Substances Act violates the Commerce Clause of the United States Constitution. The law serves a legitimate public interest, however, and its impact on interstate commerce is minimal inasmuch as it affects only objects connected with an unlawful intent. The burden of the new law on interstate commerce is not excessive, and the Court rejects plaintiffs' Commerce Clause challenge. See *Delaware Accessories Trade Association v. Gebelein, supra.*

### The Forfeiture Provisions

■ Plaintiffs contend the forfeiture provisions of the amendment to the Georgia Controlled Substances Act violate due process because there is no provision for pre-seizure hearings. A provision for seizure of drug paraphernalia without a prior hearing was upheld in *The Casbah, Inc. v. Thone, supra,* and for the reasons set forth in that opinion this Court finds that the provision for forfeiture of objects which are drug-related objects as defined in Ga.Code Ann. § 79A–811.2 and sold or advertised for sale in violation of that statute is not violative of due process. The forfeiture provision of the Georgia Controlled Substances Act provides for post-seizure notice and hearing and thereby satisfies the requirements of due process.

Forfeiture of items possessed in violation of Ga.Code Ann. § 79A–811.3 would violate due process inasmuch as Ga.Code Ann. § 79A–811.3 is itself unconstitutional (see below). References to forfeiture of items possessed in violation of Ga.Code Ann. § 79A–811.3 can, however, be severed from the amendment to the Georgia Controlled Substances Act without the Court rewriting the new law or disturbing its provisions which are constitutional. Ga.Code Ann. § 79A–811.2(e) and the language "or possessed in violation of Code Section 79A–811.3" in Ga.Code Ann. § 79A–828(7) are declared invalid.

### Right to Privacy

Plaintiffs allege in their complaint that the "possession" provision of the amendment to the Georgia Controlled Substances Act violates the right to privacy. Inasmuch as the "possession" provision is found to be void for vagueness (see below) it is unnecessary for the Court to consider this contention.

### Vagueness

■ Plaintiffs' most serious challenge to the amendment to the Georgia Controlled Substances Act, and the basis on which a number of similar statutes have been invalidated, is the void for vagueness challenge. A law is vague unless it (1) notifies a person of reasonable intelligence precisely what it prohibits so that he may act accordingly and (2) provides explicit standards for those who apply the law so as to avoid delegation of policy matters to policemen, judges and juries and to prevent arbitrary and discriminatory application. *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). The vagueness problem is especially acute with regard to drug paraphernalia statutes because those statutes apply to objects which may have numerous innocent, beneficial and lawful uses. *Record Revolution No. 6, Inc. v. City of Parma, supra.*

The first part of the void for vagueness test is satisfied by the amendment to the Georgia Controlled Substances Act because of the element of intent which is part of the definition of drug-related objects. Ga.Code Ann. § 79A–811.2 prohibits transactions in any "object or materials of any kind which

[a] person or corporation *intends to be used for* [certain purposes]." (Emphasis added). Ga.Code Ann. § 79A–811.3 contains a similar provision. The language "used" and "intended for use" has been held not to be vague by three circuit courts of appeals which have considered drug paraphernalia statutes or ordinances similar to the amendment to the Georgia Controlled Substances Act. *The Casbah, Inc. v. Thone, supra; Hejira Corporation v. MacFarlane, supra; Record Revolution No. 6, Inc. v. City of Parma, supra* (definition of drug paraphernalia found to be vague on other grounds).

The courts which have considered a vagueness challenge to the "intent" standard in the definition of drug paraphernalia have addressed the possibility of transferred intent—i. e., whether, for example, a seller of an object could violate the law because of the intent of his purchaser regarding use of the object. The courts have concluded that "intent" in the statutes and ordinances before them should be construed to refer to the intent of the person alleged to have violated the statute or ordinance, and this Court finds likewise as to the amendment to the Georgia Controlled Substances Act.

Thus, for example, a person is in violation of Ga.Code Ann. § 79A–811.2 for selling an object only if he himself intends it to be used for one of the purposes prohibited by the statute. The first part of the void for vagueness test is met because a person can tell whether he intends an object to be used for a prohibited purpose.

The second element of the void for vagueness test requires that those charged with enforcement of the amendment to the Georgia Controlled Substances Act have some means to determine whether a potential defendant intends an object for a prohibited use. Standards similar to those set forth in Ga.Code Ann. § 79A–811.2(c) have been found to satisfy that requirement. In construing Ga.Code Ann. § 79A–811.2(c), this Court follows the Courts of Appeals for the Eighth and Tenth Circuits in finding the language "other authority" refers to law enforcement officers and is not vague;

in finding the statute is not vague because courts and other authorities are not *required* to consider the factors enumerated; and in finding the language "all other relevant factors" not to be vague. These issues are extensively discussed in the cases cited.

■ The amendment to the Georgia Controlled Substances Act contains fewer factors for consideration by those enforcing the law than some other drug paraphernalia statutes. The factors it contains are those relevant to sale and advertisement for sale of drug paraphernalia, however, and the factors are set forth in the code section which treats "sales" and "advertisement" of drug-related objects. While the language is not flawless, the intent and purpose is clear. The enumerated factors are valuable guides to law enforcement personnel and lessen the danger of arbitrary enforcement. The Court finds that the second portion of the void for vagueness test is satisfied as to the "sale" and "advertisement" provisions set forth in Ga.Code Ann. § 79A–811.2.

■ As to the "possession" provision, however, there are no standards to guide those charged with enforcing the law, and there exists the very real possibility of discriminatory and arbitrary enforcement. Ga.Code Ann. § 79A–811.3 is accordingly found to be void for vagueness, and it is declared unconstitutional.

*Recent Developments*

Plaintiffs have submitted to this Court a copy of a recent opinion in which New York State's drug paraphernalia law was held unconstitutional. *Franza v. Carey*, 518 F.Supp. 324 (S.D.N.Y.1981). The New York statute was found to be void for vagueness and its forfeiture provision was found to violate due process.

The definition of drug paraphernalia in the New York statute was upheld, but the law was found to be vague because a person would be liable under it if circumstances indicated a "reasonable person" would know the drug-related purpose of an item's sale or purchase. The statute contained no guidelines for determining when circum-

stances were such that a reasonable person would have such knowledge. Since a violation of the amendment to the Georgia Controlled Substances Act depends on the intent of an alleged violator, and the law contains factors for determining whether a potential defendant intends an item to be used for a prohibited purpose, *Franza v. Carey* does not affect this Court's conclusion that the sale and advertisement provisions of the amendment to the Georgia Controlled Substances Act are not void for vagueness.

The basis for finding the forfeiture provision of the New York statute unconstitutional was the fact that it provided for neither pre-seizure nor post-seizure notice and hearing. As plaintiffs concede, the Georgia Controlled Substances Act provides for post-seizure notice and hearing, and the Court has already found procedural due process is accordingly satisfied.

### CONCLUSION

The Court finds the following portions of the amendment to the Georgia Controlled Substances Act to be constitutional and valid:

(1) Section 1 to the extent of Ga.Code Ann. § 79A–811.2(a), (b), (c) and (d);

(2) Section 3 as it applies to Code Section 79A–811.2;

(3) Sections 4, 5 and 6.

All portions of the amendment relating to possession of drug-related objects are declared unconstitutional because the lack of standards for enforcement of Ga.Code Ann. § 79A–811.3 makes that provision void for vagueness.

All motions before the Court are GRANTED IN PART and DENIED IN PART.