23676

In the Matter of Horace C. SMITH, Respondent.

(419 S.E. (2d) 227)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Michael E. Spears, P.A.,* Spartanburg, *for respondent.*

Submitted May 26, 1992.

Decided June 8, 1992.

*Per Curiam:*

This is an attorney disciplinary matter. We agree with the recommendation of Executive Committee of the Board of Commissioners on Grievances and Discipline and accept respondent's conditional admission. Respondent is publicly reprimanded.

The ethical violations committed by respondent arise from his representation of Benan, Inc. and C. Benjamin Smith. Benjamin Smith (the Client) and Benan were the managers and marketers for Skylyn Hall, a retirement center project in Spartanburg.

Financing for the project was to be accomplished by the sale of $16,000,000.00 in municipal bonds. Under the terms of the prospectus, twenty-five percent of the units had to be presold before the bond issue would close and sale of the bonds could begin. The Client was responsible for collecting the deposits for the pre-sold units and producing the reservation agreements of the buyers at the bond closing. Although the Client knew that the pre-sale requirement had not been met, he represented otherwise to respondent and respondent executed the bond certification without personally verifying the sales.

The bond issue subsequently defaulted, resulting in civil and criminal litigation. Respondent pled guilty in federal district court to conspiracy to violate the Securities Act of 1993. He cooperated fully with the government and paid restitution. In the criminal matter, no fine or jail term was imposed.

Respondent's failure to investigate the pre-sale documentation prior to executing the bond certification constitutes a violation of Rule 8.4 of the Rules of Professional Conduct. Respondent engaged in conduct involving misrepresentation and committed a criminal act that reflects adversely on his trustworthiness and fitness as a lawyer. Under the facts of

this matter, we find the appropriate sanction is a public reprimand.

Public reprimand.