## A92A1457. GUZMAN v. THE STATE.

(424 SE2d 849)

SOGNIER, Chief Judge.

Annie Ortiz Guzman was charged with attempted possession of cocaine as a result of a reverse sting operation conducted by the Richmond County Sheriff's Department. She was convicted by a jury, and she appeals from the judgment of conviction and sentence entered by the trial court.

On the night of March 22, 1991, Sheriff's Investigator Larry Tarver was posing as a drug dealer on an Augusta street known as a center of drug activity. He was equipped with a body microphone and pieces of wax modelled into chunks resembling crack cocaine. Investigator Allen Rollins was videotaping Tarver's activities from a surveillance vehicle parked nearby. After Tarver completed his transactions, other officers posted nearby would stop and arrest the perpetrators several blocks away.

Tarver's testimony and Rollins' videotape established that appellant drove by Tarver in a station wagon with her children in the back seat, circled the block, and returned to Tarver. She asked whether he had seen a man named Jerome, and when he responded negatively, she asked if she could "get half a slab for fifty." (The deputies explained that "slab" is a street term for a large piece of crack cocaine usually sold for about $50 to $100.) Tarver replied that he only had small pieces for sale and handed one piece to appellant. She placed it to her lips (which Tarver explained was a common practice used by drug purchasers to test the product because cocaine will deaden nerve endings), shook her head, returned the piece to Tarver, and drove away. She was arrested by the backup officers a few blocks away.

Appellant testified that earlier in the day a man had snatched a bracelet from her wrist as she stood in line at a local health center. Another woman standing in the same line identified the thief as a local drug dealer named Jerome and suggested to appellant that she drive around a certain neighborhood that night and pretend to be seeking drugs in an effort to find Jerome. Appellant, who had no prior criminal record, testified that she had no money with her and did not intend to buy any drugs. Tarver testified that he neglected to follow the standard procedure for the undercover operation of asking to see appellant's money before he showed her the fake cocaine, and the arresting officer confirmed that appellant had no money on her person or in her car when the arrest was made.

1. Appellant contends in two enumerations that the trial court erred in ruling on her argument that the deputies had acted unlawfully. The court granted the State's motion in limine to preclude appellant from arguing or presenting evidence that the deputies had acted unlawfully under either OCGA §§ 16-13-30 (i) or 16-13-30.2 (a) by

distributing or possessing with intent to distribute a counterfeit or imitation controlled substance. The court also refused to charge the jury on the elements of such offenses.

We find no error. It appears from the record that the wax pieces used in the reverse sting operation fell within the definition of an "imitation controlled substance" (OCGA § 16-13-21 (12.1)) rather than a "counterfeit substance" (OCGA § 16-13-21 (6)). However, the deputies did not engage in conduct prohibited by OCGA § 16-13-30.2 (a) because they possessed the wax pieces for the purpose of identifying and arresting drug buyers, not with the intention to distribute the substance as cocaine.

2. Appellant also enumerates as error the trial court's denial of her motion for directed verdict of acquittal. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. [Cit.] [That is, we must consider whether the] evidence set forth above was sufficient to authorize a rational trier of fact to find appellant guilty of [attempted possession of cocaine] beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [cits.]." *Garrett v. State*, 184 Ga. App. 715, 716 (3) (362 SE2d 423) (1987).

Appellant contends she was entrapped by the illegal acts of the deputies. " 'Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' [Cit.]" *Orkin v. State*, 236 Ga. 176, 195 (223 SE2d 61) (1976). Given our holding in Division 1 concerning the legality of the deputies' possession of the wax pieces, we find no merit in appellant's argument that they entrapped her by acting unlawfully and deceitfully. Moreover, by her own admission, appellant approached Tarver and inquired about a drug purchase. "It does not constitute entrapment where a defendant approaches a police officer with an offer to commit a crime, if that officer then plays a role in order to provide the defendant with an opportunity to commit the intended offense. [Cit.]" Id. Accordingly, a finding of entrapment was not demanded as a matter of law. See id. at 195-196 (8).

" 'An attempt to commit a crime consists of three elements: first, the intent to commit the crime; second, the performance of some overt act towards the commission of the crime . . .; and third, a failure to consummate its commission.' [Cit.]" *Howell v. State*, 157 Ga. App. 451, 454 (4) (278 SE2d 43) (1981). The overt act must be one that would be proximately connected with the completed crime, and "there must be an apparent possibility to commit the crime in the

manner proposed." *Fears v. State*, 152 Ga. App. 817, 821 (264 SE2d 284) (1979). Impossibility of commission of the underlying crime a defendant is charged with attempting is not a defense to the charge of attempt "if such crime could have been committed had the attendant circumstances been as the accused believed them to be." OCGA § 16-4-4; see *Howell*, supra at 456.

The fact that Tarver offered only imitation cocaine to appellant does not relieve appellant of culpability for attempting to possess cocaine because there is no evidence *she* was aware the substance was not cocaine. See OCGA § 16-4-4; see also *Howell*, supra at 454-456 (4). However, we are constrained to hold that appellant's actual inability to complete the drug purchase because she had no money with her does fall within the definition of impossibility set forth in OCGA § 16-4-4. The "attendant circumstances" that precluded completion of the offense of cocaine possession *were* as appellant "believed them to be," id. — that is, the evidence unequivocally establishes that appellant had no cash on her person or in her car when she asked Tarver about a cocaine purchase and examined the piece he offered her. Since Tarver testified that he was posing as a drug dealer and selling imitation cocaine for money to persons who were then arrested by his colleagues, there is no indication he would have given the substance to appellant without receiving money from her in return or that she expected or requested him to do so. Indeed, he acknowledged that he gave her the sample to test only after neglecting to follow his established procedure of asking to see the money first. Appellant knew she could not complete the act of possessing cocaine by buying it from a dealer, which was the manner of commission the State alleged, and thus there was no overt act done with "apparent possibility to commit the crime in the manner proposed." *Fears*, supra. Compare *Howell*, supra; *Riddle v. State*, 145 Ga. App. 328, 333 (2) (243 SE2d 607) (1978), overruled in part on other grounds, *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981) (impossibility not a defense when battery was avoided only because victim was able to get away).

"[W]hen there is no conflict in the evidence and it clearly demands a verdict of acquittal as a matter of law there is a *duty* upon the trial judge to grant a motion for a directed verdict of acquittal and his failure to do so will constitute reversible error on appeal." *Merino v. State*, 230 Ga. 604, 605 (198 SE2d 311) (1973). Having found that impossibility is a complete defense to the charged crime, we must hold the trial court erred by denying appellant's motion for directed verdict of acquittal because the evidence did not meet the standard set forth in *Jackson v. Virginia*, supra.

*Judgment reversed. Cooper, J., concurs. McMurray, P. J., concurs in judgment only.*

DECIDED NOVEMBER 4, 1992.

Sam B. Sibley, Jr., for appellant.

Michael C. Eubanks, District Attorney, Richard E. Thomas, Daniel W. Hamilton, Assistant District Attorneys, for appellee.