23945

In The Matter of Lincoln C. JENKINS, III, Respondent.

(438 S.E. (2d) 226)

Supreme Court

*Atty. Gen T. Travis Medlock, Deputy Atty. Gen. William K. Moore,* and *Asst. Atty. Gen. James G. Bogle,* Columbia, *for complainant.*

*I.S. Leevy Johnson,* of *Johnson, Toal and Battiste, P.A.,* Columbia, *for respondent.*

Heard Sept. 21, 1993.

Decided Nov. 8, 1993.

*Per Curiam:*

This attorney grievance action was initiated against Respondent Lincoln C. Jenkins, III, by a complaint alleging professional misconduct in representing conflicting interests without full disclosure and consent of the parties, in failing to maintain the identity of client funds, in neglecting a legal matter entrusted to him, and in collecting an excessive legal fee. The Hearing Panel found only that respondent failed to maintain the identity of client funds and recommended a private reprimand. The Executive Committee found he committed all four violations alleged and recommended a public reprimand. We find he failed to maintain the integrity of client fund and represented conflicting interests, and conclude that the appropriate sanction is a public reprimand.

The respondent represented an estate, and was the personal attorney for the individual serving as the estate's personal representative. At one point during the administration of the estate, certain of its funds were deposited in respondent's trust account. A check issued to one of the beneficiaries from that account was returned marked "Insufficient Funds." Respondent made good on the check. In its order closing the estate, the probate court ordered respondent to refund part of his fee finding it was not supported by adequate documentation and also found the personal representative had been negligent and had breached her fiduciary duties. The estate and its beneficiaries suffered no actual harm, however.

The Panel found the evidence insufficient to support a finding that respondent had neglected a legal matter, charged an excessive fee, or operated under a conflict of interest but did find he had failed to maintain the identity of client funds. It found respondent's professional misconduct was mitigated by his candor, and the fact that all problems had been rectified prior to the bringing of this action. It recommended a private reprimand. The Executive Committee found all four allegations had been proven by clear and convincing evidence and recommended respondent receive a public reprimand.

We find clear and convincing evidence that respondent failed to maintain the identity of client funds and, that while there was no conflict of interest at the outset of the relationship, one subsequently developed between the estate and its personal representative. We find that while respondent did not adequately document his fee before the probate court, the evidence that that fee was excessive is not clear and convincing. Further, we refuse to impute the personal representative's negligence to respondent. In determining the appropriate sanction we, too, are impressed by respondent's candor, and the fact that all parties were made whole prior to the bringing of this action. *See In re Smith*, — S.C. —, 419 S.E. (2d) 227 (1992). Under these circumstances, we impose a

Public reprimand.