S95A1780. BAEZ v. MILLER.
(465 SE2d 671)

Carley, Justice.

In this pro se mandamus action, appellant is the judgment-creditor in a civil case and appellee is the clerk of the trial court wherein appellant's judgment was obtained. With regard to enforcement of his judgment in the civil case, appellant sought mandamus to compel appellee to issue an execution in accordance with OCGA § 9-13-10. The trial court found that, in fact, appellee had issued the execution and that appellant's mandamus claim should, therefore, be denied as moot. It is from this order of the trial court that appellant appeals.

Appellant's contention on appeal appears to be that the trial court's order must be reversed because appellee failed to introduce a copy of the execution which she issued. This contention is without merit. "[A] trial court may take judicial cognizance, as did the judge here, of records on file in its own court." *Petkas v. Grizzard,* 252 Ga. 104, 108 (312 SE2d 107) (1984).

Mandamus is an extraordinary remedy to compel a public officer to perform his or her duty. OCGA § 9-6-20. Having found that appellee performed the public duty which OCGA § 9-13-10 imposes upon her, the trial court denied as moot appellant's request that mandamus be issued compelling appellee to perform that public duty. On appeal, appellant has shown no reversible error in the trial court's order and that order must, therefore, be affirmed.

*Judgment affirmed. All the Justices concur.*

Decided January 22, 1996 —
Reconsideration denied February 9, 1996.

*Roberto Baez, pro se.*
*Robert E. Keller, District Attorney, John A. Kimbell,* for appellee.