### S96A1844. LOWE et al. v. STATE OF GEORGIA et al.
(482 SE2d 344)

BENHAM, Chief Justice.

This appeal is from the trial court's order granting a motion to dismiss appellants' complaint for failure to state a claim, and denying appellants' motion for summary judgment. The appellants are three parents of children in grades K-12. Appellees are the State of Georgia and the governor; the State Board of Education and the State Superintendent of Schools; three school boards and the corresponding superintendents, and the two counties and the city corresponding to the school boards. Appellants brought the action to force the defendants to fund and implement OCGA §§ 20-2-640 through 20-2-650 (hereinafter, the Tuition Grant Act). The Act provides for direct grants of money, under specified conditions, to the parents of children attending grades K-12 in nonsectarian private schools. The complaint alleged that appellants' children were denied equal protection of the law in that they were being treated differently than similarly situated children, those engaged in pre-K and post-12 education,[1] because the latter group of children have available to them state funds to finance their education in private schools, and appellants' children do not. As a proposed remedy for the alleged denial of equal protection, and as a second separate claim of right, appellants asked the trial court to order appellees to implement and enforce the original version of the Tuition Grant Act as it was enacted in 1961.

1. Addressing first the equal protection issue, we begin by noting that a claimant wishing to assert an equal protection claim "must establish that he is similarly situated to members of the class who are treated differently from him." *Dobbins v. State,* 262 Ga. 161 (1) (415 SE2d 168) (1992). If that point cannot be established, there is no need to continue with an equal protection analysis. *Reed v. State,* 264 Ga. 466, 467 (448 SE2d 189) (1994).

---

[1] Although appellants attempt on appeal to enlarge the pre-K/post-12 class to include students at Georgia Military College, and mentioned that school in briefs in the trial court, the complaint was never amended to include students at that school in the pre-K/post-12 class. We will limit our consideration to the allegations of the complaint. "[W]here it appears from the order of the trial court that judgment was entered on consideration of the petition only, . . . the appellate court cannot broaden the base of the trial court's ruling but will look only to the petition to determine whether the petition should have been dismissed." *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (1) (166 SE2d 369) (1969).

While appellants may be able to prove that the two classes created by their complaint are treated differently in the area of educational funding, we do not believe they can produce facts showing that the classes they have specified are similarly situated. Children in the group which includes appellants' children are not only the beneficiaries of a constitutionally mandated right to an education at state expense, supported by taxation (Ga. Const. 1983, Art. VIII, Sec. I, Par. I), but also comprise an almost identical group of children who are required to attend school. OCGA § 20-2-690.1. The other group, on the other hand, is not constitutionally entitled to be educated and is not required to be enrolled in any educational program. Such educational support as they receive from the state is not solely from taxes, but also from the proceeds of the lottery. Ga. Const. 1983, Art. I, Sec. II, Par. VIII; OCGA § 50-27-3 (8). We conclude that the disparate entitlements and obligations of the two classes are sufficient to render them, as a matter of law, not similarly situated for purposes of this equal protection analysis. Since "it can be said that under no conceivable state of facts which the plaintiff[s] might prove under the allegations of the[ir] complaint would [they] be entitled to any relief[,]" the trial court did not err in dismissing the equal protection count of the complaint for failure to state a claim. *Sixth St. Corp. v. City Stores Co.*, 229 Ga. 99 (189 SE2d 407) (1972).

2. Appellants also assert a right to enforcement of the Tuition Grant Act separate from their equal protection claim. Contending that the Act is a valid statute and that the appellees have a duty to enforce it, appellants sought in their complaint "an order requiring Defendants . . . to enforce the Grant Statute and to award Plaintiffs . . . grants under it . . . ." Since pleadings are judged by their function and not the name given by a party (*Manning v. Robertson*, 223 Ga. App. 139 (2) (476 SE2d 889) (1996)), it is evident that what appellants seek is a writ of mandamus: "Mandamus is an extraordinary remedy used to compel the performance of an official duty. OCGA § 9-6-20." *Vargas v. Morris*, 266 Ga. 141 (1) (465 SE2d 275) (1996). Appellants would have the court compel a series of acts by the State (promulgating regulations, OCGA § 20-2-645; producing a list of approved private schools, OCGA § 20-2-646; and estimating the State's share of the grant and getting that money appropriated for that purpose by the General Assembly, OCGA § 20-2-648) and by every school district in the state (receive requests for grants, conduct joint meetings with governing authorities of counties and municipalities to determine whether a need for grants exists, pass joint resolutions that a need for grants exists, and accept and process requests, OCGA § 20-2-644). Although some of those actions are ministerial, others entail the exercise of discretion, e.g., the decision whether need exists in a particular school system and the legislative actions

that follow an affirmative decision on that issue.

> "While a writ of mandamus will issue to compel a due per-
> formance of specific official duties, it will not lie to compel a
> general course of conduct or the performance of continuous
> duties nor will it lie where the court issuing the writ would
> have to undertake to oversee and control the general course
> of official conduct of the party to whom the writ is directed."
> [Cit.] The issuance of the writ of mandamus in this case
> would mandate a course of conduct by [State and] county
> officials. Mandamus is a remedy designed to compel the
> doing of ministerial acts. Mandamus is not an appropriate
> remedy to compel . . . the exercise of official discretion.
> [Cit.]

*Speedway Grading Corp. v. Barrow County Bd. of Commrs.*, 258 Ga.
693 (1) (373 SE2d 205) (1988). Because appellants would have the
courts compel appellees to perform discretionary acts, which are not
within the proper scope of mandamus, that relief is not available.
Without the ability to compel those discretionary acts, compelling the
simply ministerial acts would be a useless act, which the law does
not require. *Jackson v. Southern Pan &c. Co.*, 260 Ga. 150 (1) (390
SE2d 393) (1990). Since appellants cannot, as a matter of law, have
the relief they seek with regard to enforcement of the Tuition Grant
Act, it follows that there is no set of facts that can be proved which
would authorize the relief, and that the trial court was correct in
granting the motion to dismiss for failure to state a claim. *Sixth St.
Corp. v. City Stores Co.*, supra.

3. Since appellants failed to state a claim as to which relief can
be granted, it necessarily follows that they have not shown the enti-
tlement to judgment which would authorize the grant of summary
judgment under OCGA § 9-11-56. That being so, the trial court did
not err in denying their motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 17, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997.

*Lightmas & Delk, Frank A. Lightmas, Glenn A. Delk,* for appel-
lants.

*Michael J. Bowers, Attorney General, Kathryn L. Allen, Senior
Assistant Attorney General, Sutherland, Asbill & Brennan, Thomas
A. Cox, Judith A. O'Brien, Franklin N. Biggins, Brock, Clay, Wilson &
Rogers, Danny G. Brock, Ernest L. Gunn IV, Sylvia G. Eaves,*

*Hawkins & Parnell, Frank C. Bedinger III, Kristen K. Duggan, Peterson, Dillard, Young, Asselin & Powell, Charles S. Johnson III, Amy M. Totenberg, Jerry L. Gentry, Christine C. Daniel, Clifford E. Hardwick IV, Howard W. Indermark, Kendric E. Smith, Sarah I., Mills, William R. Turner*, for appellees.
*L. Lynn Hogue*, amicus curiae.