S99A0691, S99X0692. DEAN v. GOBER; and vice versa.
(524 SE2d 722)

BENHAM, Chief Justice.

Prior to the initiation of the action leading to this appeal, Gober was arrested and prosecuted for possession of methamphetamine based on a "reverse sting" in which he bought an ounce of methamphetamine from an undercover officer. During the pendency of his prosecution, Gober filed an action for mandamus seeking an order requiring Dean, Chief of the Gwinnett County Police Department, to destroy the evidence on which Gober's prosecution was premised. The legal basis Gober asserted for his petition was the requirement in OCGA § 16-13-49 (u) (1) that any forfeited contraband that is dangerous to the public be destroyed or sent to an appropriate agency for medical or scientific use.[1] Before filing the mandamus action, Gober

---

[1] Whenever property is forfeited under this article, any property which is required

had requested that Dean's predecessor, and then Dean, take the same action. Both had refused, prompting Gober to file the action leading to these appeals. After an initial hearing, Gober amended his petition to demand the destruction of all controlled substances and marijuana held by the Gwinnett County Police Department for use in reverse sting operations. After a second hearing, at which Dean testified that he had, subsequent to the filing of the mandamus action, caused all contraband in the police department's safe not currently being used as evidence in pending criminal cases to be destroyed, the trial court entered an order issuing the writ of mandamus, requiring the Gwinnett County Police Department to

> either destroy all controlled substances and/or marijuana within its possession, except those controlled substances and/or marijuana that are exempt from [OCGA § 16-13-49 (u) (1)] by virtue of the fact that they are evidence in a pending criminal matter, or dispose of them in compliance with OCGA § 16-13-49 (u) (1). . . . It is further ordered that the Gwinnett County Police Department shall comply with OCGA § 16-13-49 (u) (1).

These appeals are from that order.

1. In the main appeal, Dean contests the propriety of the order that all drugs in the police department's safe be destroyed, contending that the petition for mandamus was rendered moot by the destruction of the controlled substances then being held in the safe, that the trial court improperly shifted the burden to him to show that relief was not proper, that Gober showed no right to the relief requested, and that Gober failed to show a lack of legal remedies. Given the state of the record, we find no reversible error with regard to those issues.

Dean is correct that mandamus shall not issue when the relief requested has been granted. *Baez v. Miller*, 266 Ga. 211 (465 SE2d 671) (1996). However, the destruction of all contraband other than that serving an evidentiary purpose in a pending case did not render Gober's petition moot since the issue of the destruction of the evidence in Gober's criminal case was still before the trial court.

---

by law to be destroyed or which is harmful to the public shall, when no longer needed for evidentiary purposes, be destroyed or forwarded to the Division of Forensic Sciences of the Georgia Bureau of Investigation or any other agency of state or local government for destruction or for any medical or scientific use not prohibited under the laws of the United States or this state.

OCGA § 16-13-49 (u) (1). See also OCGA § 16-13-49 (y): "Controlled substances included in Schedule I which are contraband and any controlled substance whose owners are unknown are summarily forfeited to the State."

Dean is also correct that the burden was on Gober to establish Dean's failure to perform duties imposed on him by law. *Beckham v. Gallemore*, 147 Ga. 323 (93 SE 884) (1917). However, Gober's burden was satisfied by a stipulation entered into by the parties and by Dean's testimony, which together established that the ownership of the contraband in the safe could not be determined. Thus, all such contraband had been summarily forfeited pursuant to OCGA § 16-13-49 (y). Since Dean had not disposed of such already forfeited contraband as is mandated by subsection (u) (1) of that Code section, it was established of record that he had not complied with the duty imposed by that section.

In arguing that Gober failed to show a right to relief, Dean argues that the forfeiture statute does not, as a whole, impose any duty on him as chief of police, but imposes on the district attorney the duty to initiate forfeiture proceedings. That argument ignores the provision in OCGA § 16-13-49 (y) that "[c]ontrolled substances included in Schedule I which are contraband and any controlled substance whose owners are unknown are summarily forfeited to the State." Under that statute, there is no need for the district attorney to initiate forfeiture proceedings when the contraband is either a Schedule I drug or is a controlled substance whose owner is unknown because it is immediately forfeited upon seizure. Since it was established of record in this case that the owners of the controlled substances involved are unknown, those drugs were forfeited and their destruction was mandated by OCGA § 16-13-49 (u) (1). One of the purposes of the forfeiture statute is to provide for the prompt disposition of property subject to forfeiture under the statute (*Yoder v. State*, 211 Ga. App. 226 (438 SE2d 226) (1993)), a purpose which would be frustrated by adopting Dean's argument that he, as custodian of the property, had no duty to dispose of it as required by law.

"Mandamus is available in the circumstance where there is no other specific legal remedy . . . ." *Tamaroff v. Cowen*, 270 Ga. 415, 416 (511 SE2d 159) (1999). Dean's argument that Gober did not show the absence of a legal remedy is based primarily on Gober's effort to have the evidence in his criminal case destroyed and ignores the aspect of the mandamus action in which Gober sought to compel Dean's compliance with the mandate of OCGA § 16-13-49 (u) (1) regarding disposition of forfeited property which is "harmful to the public . . . [and is] no longer needed for evidentiary purposes . . . ." Id. As was noted by the trial court, the forfeiture statute itself provides no remedy for a public official's failure to comply with the requirement that harmful materials be destroyed. Therefore, the lack of a specific legal remedy was sufficiently shown.

2. Dean also complains that the trial court's order was defective in that it compels a continuing course of conduct. We agree.

"While a writ of mandamus will issue to compel a due performance of specific official duties, it will not lie to compel a general course of conduct or the performance of continuous duties nor will it lie where the court issuing the writ would have to undertake to oversee and control the general course of official conduct of the party to whom the writ is directed." [Cit.] The issuance of the writ of mandamus in this case would mandate a course of conduct by [Dean]. [Cit.]

*Lowe v. State*, 267 Ga. 754 (2) (482 SE2d 344) (1997). It is apparent from remarks made by the trial court in which it expressed a desire to have continuing oversight of Dean's performance of his duties under OCGA § 16-13-49 (u) (1), that the last sentence of the trial court's order ("It is further ordered that the Gwinnett County Police Department shall comply with OCGA § 16-13-49 (u) (1).") was intended to "compel a general course of conduct [and] the performance of continuous duties" (*Lowe*, supra), and to provide "the court issuing the writ [power] to oversee and control the general course of official conduct of the party to whom the writ is directed." Id. Accordingly, we hold that the last sentence of the trial court's order was in excess of the trial court's authority and must be vacated.

3. In the cross-appeal, Gober complains of the trial court's failure to compel the destruction of the specific contraband involved in his criminal prosecution. However, the very statutory provision on which his mandamus action was premised specifically exempts from the disposition mandated therein contraband which is still "needed for evidentiary purposes . . . ." OCGA § 16-13-49 (u) (1). Gober's argument that since his criminal prosecution had concluded prior to the issuance of the writ, the contraband used as evidence in that case was no longer needed for evidentiary purposes is unavailing. The record shows that Gober's conviction was entered less than two weeks prior to the issuance of the writ. Thus, his conviction was still subject to appeal, could not be considered final, and must therefore be considered to be, at that time, a pending case. See *Turpin v. Todd*, 268 Ga. 820, fn. 48 (493 SE2d 900) (1997). Since his conviction could still have been reversed, making a retrial a possibility, the trial court was correct in its refusal to deem the evidence "no longer needed for evidentiary purposes . . ." (OCGA § 16-13-49 (u) (1)), and in its refusal to order the destruction of that contraband.

4. The apparent impetus behind Gober's action, and the thrust of the motion for reconsideration he filed in the cross-appeal, is the elimination of "reverse stings" as a law enforcement tool. However, the underlying premise of his action, a reading of OCGA § 16-13-49 (y) to provide that all seized controlled substances are summarily forfeited, is faulty. That statute provides for summary forfeiture of only

a limited class of controlled substances: those contained in Schedule I of the Controlled Substances Act (see OCGA § 16-13-25) and controlled substances whose owners are unknown. While the latter condition applied to the drugs being held by the Gwinnett County Police Department in this case, it did so primarily because the state of the records maintained by the department rendered the owners unknown, as Dean admitted in his testimony. Controlled substances such as the methamphetamine Gober was convicted of possessing are not listed in Schedule I, so they are not summarily forfeited upon seizure so long as the owner is known. Since law enforcement officers are authorized by OCGA § 16-13-35 (c) (4) to possess controlled substances while acting in the course of their official duties, there is no prohibition in the Controlled Substances Act against the retention and legal use of seized controlled substances not listed in Schedule I so long as the owner of the drug is known and forfeiture proceedings have not been commenced. Thus, Gober's attempt to procure a ruling that reverse stings cannot be used because the drugs used in those operations cannot legally be maintained by law enforcement officers must fail.

*Judgment affirmed in part and vacated in part in Case No. S99A0691. All the Justices concur, except Hunstein and Carley, JJ., who concur in part and dissent in part. Judgment affirmed in Case No. S99X0692. All the Justices concur.*

CARLEY, Justice, concurring in part and dissenting in part.

I entirely agree with Divisions 2 and 3 of the majority opinion, but not with Divisions 1 and 4. Therefore, I concur in part and dissent in part as to the direct appeal, and fully concur as to the cross-appeal.

As the majority states, Gober sought the destruction of all controlled substances held by the Gwinnett County Police Department for use in "reverse sting" operations. The trial court granted this requested relief by requiring the Police Department to destroy or dispose of all controlled substances which are within its possession and are not evidence in a pending criminal matter, but made no exception for contraband held for use in reverse stings. By affirming this order, the majority has departed from the terms of the Georgia Controlled Substances Act by placing an unwarranted limitation on the ability of law enforcement officers to engage in legal reverse sting operations.

Even where, as here, the property at issue has been forfeited, OCGA § 16-13-49 (u) (1) does not automatically require destruction or disposal. One must read that statute in conjunction with OCGA § 16-13-35 (c) (4), which provides that officers of a political subdivision of this state "may lawfully possess controlled substances . . .

while acting in the course of their official duties." This court has a duty to reconcile, if possible, the potential conflict between these two " 'different sections of the same statute, so as to make them consistent and harmonious.' " *Sikes v. State*, 268 Ga. 19, 21 (2) (485 SE2d 206) (1997). The majority ignores OCGA § 16-13-35 (c) (4) and very broadly construes OCGA § 16-13-49 (u) (1) so as to permit police officers to possess summarily forfeited controlled substances only for the purpose of disposing of them. However, by specifying that certain persons may legally possess controlled substances, OCGA § 16-13-35 prevents the Georgia Controlled Substances Act from being construed in an illogical or overbroad manner. *Windfaire v. Busbee*, 523 FSupp. 868, 871 (3) (N.D. Ga. 1981). Furthermore, OCGA § 16-13-49 (u) (1) applies only to property "which is required by law to be destroyed or which is harmful to the public. . . ." Because a law enforcement officer's possession of contraband while acting in the course of his official duties is expressly lawful under OCGA § 16-13-35 (c) (4), the law does not require the destruction of such contraband, nor can it be considered harmful to the public. When a police officer's possession of controlled substances is part of a reverse sting operation, that possession is in reasonable fulfillment of his duties as a police officer and, thus, is lawful. *Curtis v. State*, 172 Ga. App. 473, 475 (5) (323 SE2d 684) (1984). See also *Givens v. State*, 211 Ga. App. 290, 292 (2) (439 SE2d 22) (1993); *Guzman v. State*, 206 Ga. App. 170 (1) (424 SE2d 849) (1992). And contraband which a police officer lawfully possesses in furtherance of his public duties cannot be deemed harmful to the public.

The majority has effectively prevented law enforcement agencies which, like the Police Department here, possess only summarily-forfeited controlled substances from engaging in legal reverse sting operations. I acknowledge that the majority opinion permits reverse stings utilizing non-Schedule I controlled substances where the owner is known. Hopefully, every law enforcement agency in Georgia will implement procedures for identifying, to the extent possible, the source of drugs in its possession. The majority's recognition of this narrow exception, however, does not justify its adoption of an extreme and unreasonable statutory construction, especially when there is a consistent and harmonious alternative. In my opinion, therefore, the trial court erred in ordering the Police Department to destroy or dispose of all controlled substances in its possession, regardless of whether the Department was holding any contraband for use in its reverse sting operations. Thus, I believe that the trial court's judgment should be wholly reversed in Case No. S99A0691, but affirmed in Case No. S99X0692.

I am authorized to state that Justice Hunstein joins in this opinion.

DECIDED DECEMBER 16, 1999 —
RECONSIDERATION DENIED JANUARY 28, 2000.

*Kristina H. Blum, Karen G. Thomas, Melinda K. Wells,* for appellant.

*Peevy & Lancaster, Gregory W. Lancaster, Chandler & Britt, Walter M. Britt, Deborah F. Weiss,* for appellee.