## A06A2047. LATTIMORE v. THE STATE.
### (638 SE2d 848)

PHIPPS, Judge.

A jury found Isaac Lattimore guilty of armed robbery, aggravated assault, and possession of a firearm during the commission of a felony. At the second phase of the bifurcated proceeding, the court found him guilty of possession of a firearm by a first offender probationer. He appeals, arguing that the evidence was insufficient to support the jury verdicts, that the court erred in charging the jury, and that he received ineffective assistance of counsel at the bench trial. Finding no reversible error, we affirm.

1. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or judge the credibility of witnesses, but only determine whether the evidence is sufficient to support the conviction.[2]

Miguel Angel Chavez Trejo (Chavez) testified that on November 6, 2000, he parked his truck on Bankhead Highway and went to a gas station to make a phone call. As he was returning to his truck, a man approached him and asked if he wanted to buy marijuana. Chavez said no and continued walking toward his truck. When Chavez reached his truck, he felt a gun against his head, and the same man demanded his money. Chavez gave the man his wallet, and the man removed money from it and threw it back at Chavez. The man then hit

---

[16] See generally *In the Interest of H. L. T.*, 164 Ga. App. 517, 518 (298 SE2d 33) (1982).

[1] *Jackson v. State*, 239 Ga. App. 77 (1) (519 SE2d 746) (1999).

[2] Id.; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Chavez on the head with the gun and told him to leave. Chavez drove to another store and called the police. A police officer drove Chavez around the area to look for the assailant. Eventually, Chavez saw the man walking near his truck and pointed him out to the police officer, who arrested the man. In court, Chavez identified Lattimore as the man who had robbed him.

This evidence was sufficient to support Lattimore's convictions for armed robbery,[3] aggravated assault,[4] and possession of a firearm during the commission of a felony.[5] Although Lattimore points to inconsistencies in Chavez's testimony, "conflicts and inconsistencies in the testimony of witnesses, including the State's witness, [are] a matter of credibility for the jury to decide. As long as there is some competent evidence, though contradicted, to support each fact necessary to make out the State's case, a jury's verdict will be upheld."[6]

2. Lattimore argues that several of the court's jury charges deviated from the pattern charges and therefore confused the jury. But "jury instructions do not need to track, exactly, the language of pattern jury instructions, so long as the charge is a correct statement of the law and not confusing or misleading."[7] Lattimore cites no authority suggesting that the instructions in question were incorrect statements of the law, and he does not explain his assertion that they were confusing. Based on our review of the charge as a whole, we find that the trial court adequately instructed the jury on the law applicable to the issues in the case.[8]

3. Lattimore sought a new trial on the ground that his trial counsel was ineffective for failing, at the bench trial, to object to the state's introduction of his prior drug conviction. The state introduced into evidence certified copies of the conviction and final disposition in the prior case, but did not tender the guilty plea transcript or other evidence showing that Lattimore had knowingly and voluntarily pled guilty.[9] Lattimore argued that if his trial counsel had objected to the state's introduction of the prior conviction, the court would have excluded it and would not have found him guilty of possession of a firearm by a first offender probationer. The trial court rejected Lattimore's claim.

---

[3] See OCGA § 16-8-41 (a).

[4] See OCGA § 16-5-21 (a).

[5] See OCGA § 16-11-106 (b).

[6] *Blackwood v. State*, 224 Ga. App. 486, 488 (1) (480 SE2d 914) (1997) (citations omitted); see also *Moon v. State*, 252 Ga. App. 796, 797 (1) (b) (557 SE2d 442) (2001).

[7] *Watkins v. State*, 265 Ga. App. 54 (1) (592 SE2d 868) (2004) (footnote omitted).

[8] See *Gober v. State*, 249 Ga. App. 168, 173 (5) (547 SE2d 656) (2001), aff'd on other grounds, 275 Ga. 356 (566 SE2d 317) (2002).

[9] See *Foskey v. Battle*, 277 Ga. 480, 481-482 (1) (591 SE2d 802) (2004) (trial court may not accept guilty plea without affirmative showing that it was made intelligently and voluntarily).

To prevail on an ineffective assistance claim, an appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.[10] Without deciding whether Lattimore satisfied the first requirement, we conclude that he failed to demonstrate prejudice. Under *Nash v. State*,[11] when the state seeks to introduce evidence of a prior guilty plea, it bears the initial burden of proving the existence of the plea and that the defendant was represented by counsel.[12] The state met that burden at Lattimore's bench trial. Had Lattimore sought to challenge the validity of his prior plea, he would then have had the burden of "produc[ing] some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea."[13] But as Lattimore presented no such evidence at the hearing on his motion for new trial, he failed to show that an objection by counsel to the introduction of the prior plea would have been successful. Thus, he demonstrated no reasonable probability that, but for counsel's allegedly deficient performance, the outcome at trial would have been different. Lattimore's ineffective assistance claim accordingly fails.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 16, 2006.

*Lawrence W. Daniel*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[10] *Spear v. State*, 271 Ga. App. 845, 846 (2) (610 SE2d 642) (2005).
[11] 271 Ga. 281 (519 SE2d 893) (1999).
[12] See *Hall v. State*, 261 Ga. App. 64, 66 (1) (581 SE2d 695) (2003) (discussing *Nash*).
[13] *Nash*, supra at 285.